IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ouyeinc Ltd., | ) |
| | ) |
| Plaintiff, | ) Case No. 1:22-cv-05187 |
| | ) |
| v. | ) Dist. Judge Jeremy C. Daniel |
| | ) |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) |
| | ) |
| Defendants. | ) |

**Plaintiff's Opposition to Defendant Michelle Padilla's Request to Dismiss Judgment**

Plaintiff Ouyeinc Ltd. ("Plaintiff"), by and through its undersigned counsel, submits this response in opposition to Defendant Michelle Padilla's ("Defendant") request to dismiss judgment. [ECF No. 94]. Plaintiff construes Defendant's request as a motion to vacate the default and default judgment granted against Defendant.

I.  Introduction

Plaintiff filed its complaint on September 23, 2022, alleging trademark infringement and counterfeiting (as well as related claims under the Lanham Act and Illinois state law) by various defendants, including Defendant. [ECF No. 1]. On October 14, 2022, the Court issued a temporary restraining order, including dynamics with respect to expedited discovery and electronic service of process. [ECF No. 15].

Plaintiff proceeded to obtain expedited discovery from various platforms, including eBay, which is the platform on which Defendant sold products. This expedited discovery included email addresses of defendants, including Defendant. On November 9, 2022, Plaintiff moved to convert the temporary restraining order into a preliminary injunction. [ECF. No.20]. On November 16,

2022, the Court issued a minute entry taking the motion for preliminary injunction under advisement. [ECF No. 21]. The Court granted defendants until November 28, 2022, to appear and object. [*Id*.]. The Court also ordered Plaintiff to serve the notice regarding the response deadline to defendants. [*Id*.]. On November 19, 2022, Plaintiff emailed defendants, including Defendant, providing the Court's minute entry, summons, complaint, and motion for preliminary injunction. [*See* Declaration of Ilya G. Zlatkin, ¶ 3, Ex. 2]. In accordance with the Court's order permitting electronic service of process, Plaintiff also published the relevant documents online. [*See* Zlatkin Decl., ¶ 2, Ex. 1]. Defendant did not appear to oppose the motion for preliminary injunction, and the Court granted the motion and issued the preliminary injunction on June 13, 2023. [ECF No. 72, ECF No. 73].

On June 14, 2023, Plaintiff moved for entry of default and default judgment. [ECF No. 74]. The Court then proceeded to issue a minute order on June 16, 2023 [ECF No. 78], allowing defendants (including Defendant) until June 29, 2023 to object to Plaintiff's motion, and requiring Plaintiff to serve the notice upon defendants. Plaintiff proceeded to email the motion-related documents to all applicable defendants, including Defendant, the same day. [*See* Zlatkin Decl., ¶ 5, Ex. 3]. Plaintiff also published the relevant documents online, same as before. [*See* Zlatkin Decl., ¶ 4, Ex. 1]. Defendant did not appear to object, and so on January 3, 2024, the Court granted Plaintiff's motion for default and default judgment. [ECF No. 90]. Well over a year later, Defendant now requests to set aside the default and default judgment.

**II.    Argument**

Because a final default judgment has been issued in this case, Rule 60(b) provides the standard for vacating it. FED. R. CIV. P. 55(c). Notably, the standard for setting aside entry of a final default judgment is a stricter standard than the one for setting aside entry of default for good

2

cause. *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023). Although the Court has considerable discretion in setting aside a final default judgment, "[r]elief from a final judgment may be granted pursuant to Rule 60(b) [only] under exceptional circumstances" *Antsy Labs, LLC v. Individuals Identified on Schedule A*, 2022 WL 4325291 at *2 (N.D. Ill. Sept. 19, 2022); *Chapter 4 Corp. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 2021 WL 1906461 at *1 (N.D. Ill. May 12, 2021) (internal citations omitted) ("relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances."). "As the Rule 60(b)(1) standard has developed, a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). Regardless of whether the more lenient or the stricter standard is applied, however, Defendant has failed to meet her burden with respect to any of the three requirements for vacating a default.

### A. Defendant does not have good cause for setting aside the default judgment.

Defendant's apparent sole argument as to why good cause exists is that Defendant had not received prior notice of the suit and the various motions that resulted in the issuance of the default judgment. [*See* ECF No. 94]. As evidenced by the attached declaration of Plaintiff's counsel and accompanying exhibits, Plaintiff fully complied with the Court's order permitting electronic service, as well as with the Court's minute orders requiring service of the motions for preliminary injunction and the motion for entry of default and default judgment. [*See* Zlatkin Decl., ¶¶ 2–5; Ex. A–C]. Relief under Rule 60(b) poses a "high hurdle" and "demands something more compelling than ordinary lapses of diligence or simple neglect." *Viahart LLC v. Suzhou Everich Imp. & Exp. Co.*, 2021 WL 3857787 at *4 (N.D. Ill. Aug. 30, 2021). There was nothing excusable

about Defendant's actions in this case. Defendant was served with process on November 19, 2022 [ECF No. 22]. Defendant was timely provided with an opportunity to object to the entry of a preliminary injunction. [*See* Zlatkin Decl., ¶ 3, Ex. 2]. Defendant further was provided with timely service of the motion for entry of default and granted time to object. [*See* Zlatkin Decl., ¶ 5, Ex. 3]. Defendant therefore cannot support that circumstances exist to meet the good cause standard for setting aside a final default judgment.

### B. Defendant did not take quick corrective action.

The promptness of correcting a default is assessed on a case-by-case basis. *Antsy Labs, LLC v. The Individuals et al.*, No. 21-cv-3297, at *5 (N.D. Ill. Sep. 19, 2022). While in some instances delays of even a few weeks may be deemed unacceptable, other times actions taken to set aside default after much longer delays may be deemed sufficiently quick. *See, e.g.*, *Smith v. Widman Trucking Excavating*, 627 F.2d 792, 797–98 (7th Cir. 1980) (10-week delay deemed acceptable); *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) ("If, for instance, the defendant (through no fault of his or her own) did not even become aware of the default judgment until one month (or six months) after its entry, maybe trying to vacate the judgment at that late date would be quick enough to satisfy the standard."). Notably, Rule 60(b) motions, which are subject to a more stringent standard than Rule 55(c) motions, must be "made within a reasonable time," and for some circumstances cannot be made more than a year after entry of default judgment. *See* FED. R. CIV. P. 60(c)(1). More specifically, default judgments over a year old are prohibited from being set aside based on arguments that mistake, inadvertence, surprise, or excusable neglect occurred, as well as for arguments that the opposing side engaged in any fraud, misrepresentation, or misconduct. FED. R. CIV. P. 60(c)(1); FED. R. CIV. P. 60(b)(1), FED. R. CIV. P. 60(b)(3). Defendant requests to set aside default over sixteen months after final default judgment was

entered. Defendant cannot possibly meet the requirement that she acted sufficiently quickly under the circumstances.

### C. Defendant does not have any meritorious defense.

Moreover, Defendant has not presented any meritorious defense, nor should the default be vacated even if Defendant did present one. *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) ("Of course, even if [defaulted defendant] had a meritorious defense, her failure to demonstrate good cause for her default and quick action to rectify the default is sufficient to deny her motion to vacate the default judgment."). "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Id*.

From the Defendant's request, it appears that she claims that her good faith and lack of intent to infringe would serve as a defense. The applicable anticounterfeiting provision, however, does not exempt from liability parties that did not have knowledge or intent to infringe. See 15 U.S.C. § 1114(a). This is accentuated by the fact that knowledge is a requirement for a violation specifically of another subsection of the provision. *See* 15 U.S.C. § 1114(b) ("<u>Under subsection (b) hereof</u>, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.") (emphasis added); *see also Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (brackets in original). Similarly, none of the other laws that serve as the basis of Plaintiff's claims require knowledge or intent. *See* 15 U.S.C.

5

§ 1125(a); 815 ILCS 510/2. Therefore, even if the Court takes Defendant at her word that she did not act in bad faith and lacked intent to infringe, this still fails to rise to the necessary level of a meritorious defense.

### III.  Conclusion

Defendant has failed to show good cause for Defendant's default, any quick action to correct it, or a meritorious defense to Plaintiff's complaint.  Plaintiff has clearly shown that Defendant is liable for trademark infringement and counterfeiting, false designation of origin, and violation of the Illinois Uniform and Deceptive Practices Act. Defendant has not met Defendant's burden under Rule 60(b) for setting aside a final default judgment – especially more than a year after the judgment was issued.  Defendant's motion should be denied.

Dated: May 6, 2025

>/s/ Ilya G. Zlatkin
> Ilya G. Zlatkin
> ZLATKIN CANN ENTERTAINMENT
> 4245 North Knox Avenue
> Chicago, Illinois 60641
> ilya@zce.law
>
> *Counsel for Plaintiff*