UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OUYEINC LTD., <br>     Plaintiff <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br>     Defendants | No. 22 CV 5187 <br><br> Judge Jeremy C. Daniel |

**ORDER**

The defendant's request to dismiss the default judgment entered against her [94] is denied. This case remains closed.

**STATEMENT**

The defendant, Michelle Padilla, filed a "request [for] the dismissal of the judgment entered against" her in this action. (R. 94.) By way of brief background, the plaintiff filed this lawsuit in September 2022 to, among other things, "combat online counterfeiters who trade upon [the p]laintiff's commercial reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed counterfeit products[.]" (R. 1 ¶ 1.)[1] The plaintiff was permitted to electronically serve all defendants in the case, including Padilla. (R. 15.) The plaintiff did so by emailing the defendants, including Padilla, throughout the case when so ordered; this included sending a copy of the summons and later, the default judgment motion. (R. 97-1 ¶¶ 3, 5 (citing R. 97-3; R. 97-4.)) The plaintiff also filed these documents on its case website. (*Id.* ¶¶ 2 (citing R. 97-2), 4.) Padilla never filed appearance in the case or responded to the motion for default. Now, more than a year after default judgment was entered, (R. 90), she asks that the judgment against her be set aside.

The Court construes Padilla's request as a Federal Rule of Civil Procedure 55(c) motion to set aside default judgment. Rule 55(c) "provides that the Court 'may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).'" *Antsy Labs, LLC v. Individuals Identified on Schedule A*, No. 21

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

C 3297, 2022 WL 4325291, at *2 (quoting Fed. R. Civ. P. 55(c)). "Relief from a final judgment may be granted pursuant to Rule 60(b) under exceptional circumstances, and [courts] have characterized the district court's considerable latitude in making its decision as 'discretion piled on discretion.'" *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)). To vacate a default judgement "the moving party must demonstrate: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Id.* (quoting *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)).

Here, Padilla has not shown that the default judgment should be vacated. Padilla argues that she was "never formally notified" about this action by the plaintiff, in other words, that she was "surprise[d]" by the judgment against her. *See* Fed. R. Civ. P. 60(b)(1). However, this argument is unavailing. The plaintiff was granted leave to electronically serve the defendants (R. 15), which it did via email on November 19, 2022, (R. 97-1 ¶ 3 (citing R. 97-3 (including Padilla's email address).) The plaintiff's motion for entry of default and default judgment was also electronically served, per the Court's order. (*See* R. 78; R. 97-1 ¶ 5 (citing R. 97-4 (including Padilla's email address)).) In addition, these notices were publicly available on the plaintiff's case webpage. (R. 97-1 ¶¶ 2, 4.) In her motion, Padilla asserts that she did not receive any notice. According to her, "the sudden closure of my account prevented me from accessing important records and responding appropriately to any claims against me." (R. 94 at 1.) The Court intended to inquire about these assertions at the motion hearing as Padilla did not submit any evidence with her motion to support these statements. But Padilla did not appear at the motion hearing. That leaves the Court with the unrebutted record of service by the plaintiff. Therefore, the Court finds that there is no surprise and proper notice was given.

Moreover, even if proper notice had not been given, Padilla did not take quick action to correct the default. Rule 60(c) states that motions arising under Rule 60(b)(1)–(3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Default judgment was entered on January 3, 2024. (R. 90.) Padilla's motion comes over three months too late. Finally, there is no assertion by Padilla that she has a meritorious defense to the complaint. Because she did not appear at the motion hearing, the Court could not ask her about her defenses. As such, the Court finds no reason to set aside the default judgment entered against the defendant.

Date: June 3, 2025

JEREMY C. DANIEL
United States District Judge

2