IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OUYEINC LTD., | ) |
| | ) |
| Plaintiff, | ) Case No. 22-cv-05187 |
| | ) |
| v. | ) Hon. J. Jeremy C. Daniel |
| | ) |
| THE PARTNERSHIPS AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED IN SCHEDULE "A," | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ARA DERMARDEROSIAN'S
MOTION TO VACATE DEFAULT JUDGMENT**

Defendant Ara Dermarderosian, incorrectly identified as "No. 98 Garnisells," ("Mr. Dermarderosian") moves to vacate the default judgment under Federal Rules of Civil Procedure 55(c) and 60(b), and in support of his motion respectfully states as follows:

**INTRODUCTION**

Default judgment should be vacated because Defendant Ara Dermarderosian was never served with the complaint, acted promptly upon learning of the case, and has a meritorious defense.

Mr. Dermarderosian is a United States citizen residing in San Fernando, California. He operates an eBay storefront under the name "Garnisells," through which he resells consumer goods lawfully acquired from domestic sources. Decl. of Ara Dermarderosian at ¶¶ 2–3 ("Exhibit 1"). The item that led to this litigation—a box of wax warmers—was purchased at a California auction in 2020 and resold on eBay. (Ex. 1 ¶ 4). There is no evidence that Mr. Dermarderosian ever sold counterfeit goods or was engaged in any infringing activity. (Id.)

Despite this, Plaintiff included Mr. Dermarderosian in its mass "Schedule A" filing and obtained a default judgment and asset restraint against him without serving him or giving notice

of the litigation. (Ex. 1 ¶ 5). Mr. Dermarderosian did not learn of the case until April 2025, when he discovered that funds in his PayPal and eBay accounts had been frozen. (Ex. 1 ¶ 6).

Mr. Dermarderosian promptly retained counsel and now moves to vacate the judgment. Decl. of Benjamin Lockyer, ("Exhibit 2"). Because he was never served, responded quickly, and presents a legitimate defense under the First Sale Doctrine, the default judgment should be set aside under Federal Rules of Civil Procedure 55(c) and 60(b).

## ARGUMENT

**I.     Default judgment should be vacated because Defendant was never served and was because he has a meritorious defense under the First Sale Doctrine.**

Mr. Dermarderosian was not served with the complaint, summons, or any court filings. He had no knowledge of the lawsuit until April 2025, when PayPal and eBay froze his accounts. See Decl. of Ara Dermarderosian ¶¶ 5–6 ("Exhibit 1"). This lack of notice and insufficient process for a US citizen alone is sufficient grounds to vacate the default judgment under Rule 60(b)(1) and (4). *See Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010) ("[I]f the district court lacked personal jurisdiction over the defendant at the time it entered the default judgment, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that judgment.").

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." When a default judgment has been entered, Rule 60(b) provides the applicable standard for *vacatur*. In the Seventh Circuit, the court considers three elements: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). These factors are applied liberally, with the Seventh Circuit favoring decisions on the merits rather than by default. *See Cracco*, 559 F.3d at 631 (noting that "the test "is more liberally applied in the Rule 55(c) context."). Courts in this District have recently vacated default judgments in similar Schedule A cases based on

inadequate or unverified service. *See Celine S.A. v. P'ships & Unincorp. Ass'ns Identified on Schedule A*, No. 24 C 6208, 2025 WL 712484, at *3–5 (N.D. Ill. Mar. 5, 2025) (see infra p. .

### A. Good cause exists to vacate default because Defendant was never served with notice of this lawsuit and because the purported method service was improper for obtaining service on a United States Company.

Good cause exists where a defendant fails to respond to a lawsuit due to lack of notice or improper service. Here, Mr. Dermarderosian was never served with the complaint, summons, or any court filings. He had no knowledge of the lawsuit until April 2025, when he discovered that funds in his PayPal and eBay accounts had been frozen pursuant to a court order. *See* Ex. 1 at ¶¶ 5–6.

The Seventh Circuit recognizes that failure to receive service or notice of the proceedings constitutes good cause to vacate a default judgment. *See Relational, LLC v. Hodges*, 627 F.3d 668, 672–73 (7th Cir. 2010) (affirming vacatur of default judgment where defendant was unaware of the lawsuit). It is well established that a judgment obtained without service is not merely erroneous—it is void under Rule 60(b)(4). *See e.g., Id.*; *see also United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000); *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988). Because Mr. Dermarderosian was never served and had no opportunity to respond, good cause for the default is clearly established.

### B. Mr. Dermarderosian acted within weeks of learning of the lawsuit and attempted to resolve this matter informally prior to seeking court intervention.

The second factor—quick action to correct the default—is also satisfied. Mr. Dermarderosian discovered the existence of this case in April 2025, when he noticed the asset restraints affecting his PayPal and eBay accounts. He immediately sought legal representation and took steps to challenge the judgment and restore access to his funds. This motion was filed within

weeks of learning about the litigation and after several weeks of attempting resolve this matter with Plaintiff without court intervention.

Courts in this Circuit have consistently found that prompt action within a reasonable period—often weeks or even a few months—satisfies this factor. *Storms Indus., Inc. v. TheLaundryList.com, Inc.*, No. 09 C 1835, 2009 WL 2905437, at *2 (N.D. Ill. Sept. 8, 2009) (finding that defendant acted quickly in response to default judgment where it filed its motion to vacate nearly seven weeks after the order of default judgment); *Bolden v. Westamerica Mtg'g. Co.*, No. 97 C 4476, 1999 WL 183762, at *5 (N.D. Ill. 1999) (holding that defendant acted with reasonable promptness where it responded to entry of default more than three months after default had been entered).

Mr. Dermarderosian acted promptly and diligently. After learning of the asset restraint in April 2025, he retained counsel and contacted Plaintiff to explain the mistaken inclusion of his account. Over the course of several weeks, he provided documentation showing that he is a U.S. citizen, that the products at issue were lawfully acquired through a domestic auction, and that they were resold in good faith under the First Sale Doctrine. Despite these efforts, Plaintiff refused to release the restraint on his account.

In an effort to avoid litigation, Mr. Dermarderosian requested that Plaintiff voluntarily release the funds and dismiss him from the case. He also served a Rule 11 motion for sanctions on May 21, 2025, providing the required 21-day safe harbor period. Plaintiff declined to take any corrective action, which made this motion necessary. There was no undue delay, and Mr. Dermarderosian's conduct reflects the diligence expected under Rule 60(b).

      **C.     Defendant's first sale doctrine defense is a meritorious defense that warrants an order vacating the default judgment.**

Mr. Dermarderosian's first sale doctrine defense is a meritorious defense and requires the default judgment to be vacated. The third factor requires a showing of a meritorious defense—not that the defendant will ultimately prevail, but that the defense is legally and factually plausible. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (noting that the determination on whether a meritorious defense exists is a lenient standard). A meritorious defense exists where the defendant can present a "potentially valid defense" that would warrant consideration on the merits. *Pretzel & Stouffer, Chartered*, 28 F.3d at 46.

Mr. Dermarderosian acquired the product at issue—wax warmers—through a legitimate U.S.-based auction in Buena Park, California. He resold the goods through his eBay store, Garnisells. See Ex. 1 at ¶ 4. He believed the products were genuine and sold them in good faith. His resale activity is protected under the First Sale Doctrine, which allows lawful owners of genuine trademarked products to resell them without infringing the mark. *Maui Jim, Inc. v. SmartBuy Guru Enterpr.* 459 F. Supp. 3d 1058, 1080 (N.D. Ill. 2020). "Under this doctrine, when a retailer—such as Amazon—merely resells a genuine, unaltered good under the trademark of the producer, the use of the producer's trademark by the reseller will not deceive or confuse the public as to the nature, qualities, and origin of the good." *Id.* (internal quotations omitted).

Here, Plaintiff presents no evidence that the goods sold by Mr. Dermaderosian were counterfeit. Plaintiff did not conduct a test buy, inspect the physical products, or authenticate the listings. Instead, it relied on generalized "visual inspection" of online listings—boilerplate assertions that fail to link Mr. Dermarderosian to any infringing activity. Decl. of Rongji Ge [9] at ¶7. These unsupported claims are not enough to sustain a default judgment, let alone freeze a U.S. citizen's assets.

Because Mr. Dermarderosian acted in good faith and lawfully resold goods he purchased domestically, he presents a clear and credible defense to Plaintiff's allegations. The third *Sun* factor is satisfied.

II. **Default judgment should be vacated because Plaintiff abused the Schedule A process and failed to establish personal jurisdiction or proper service.**

This case exemplifies an abuse of the Schedule A litigation procedure. Plaintiff sued Mr. Dermarderosian—an individual U.S. citizen residing in California—without making any effort to confirm his location, distinguish him from foreign counterfeiters, or verify the accuracy of its allegations. Plaintiff served no summons or complaint and pursued default judgment based solely on screenshots and generalized assertions. This pattern of procedural shortcuts and misuse of *ex parte* relief warrants vacatur under both Rule 60(b)(4) and 60(b)(6).

Mr. Dermarderosian has no contacts with Illinois. He resides in San Fernando, California, and operates a domestic resale business on in Glendale, California. Plaintiff made no effort to show that jurisdiction or venue in this District was proper. Courts routinely vacate judgments when personal jurisdiction is lacking. *See Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 926 (7th Cir. 2004) (affirming sanctions where plaintiff's counsel filed a verified complaint with false venue allegations without supporting information, and plaintiff's conduct was found to be intentionally deceptive); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (finding that sales of allegedly infringing product to purchasers in Indiana was not a sufficient contact with Indiana to subject competitor to personal jurisdiction consistent with due process).

Plaintiff's conduct fits a recurring pattern: filing sealed complaints against dozens or hundreds of unrelated defendants using identical pleadings, seeking asset restraints and *ex parte* injunctive relief based on unverified boilerplate declarations, and securing default judgments

without ensuring proper service or jurisdiction. As set forth in Mr. Dermarderosian's accompanying motion for sanctions, this kind of systemic misuse of judicial process is improper and justifies vacatur. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (Rule 60(b)(6) relief appropriate in "extraordinary circumstances").

In fact, this matter is similar to other circumstances where Schedule A cases have been used to improperly obtain default judgment. In *Celine S.A.*, the court vacated a default judgment in a nearly identical Schedule A case because the plaintiff failed to show that the defendant—a domestic seller—had been properly served or was part of a foreign counterfeiting operation. *P'ships and Unincorp. Assoc. Identif'd on Sched. A*, No. 24 C 6208, 2025 WL 712484, at *3–5 (N.D. Ill. Mar. 5, 2025). In *Celine S.A.*, the court noted that the plaintiff had not attempted to identify the seller's physical location, had made no individualized showing of counterfeit activity, and relied solely on boilerplate allegations and screenshots from an e-commerce storefront. *Id.*

The *Celine S.A.* court noted that the plaintiff's evidence consisted primarily of screenshots and generalized assertions without confirming that the named party operated the store in question. It held that such evidence was insufficient to support default and emphasized that plaintiffs must meaningfully verify the identities and conduct of individual defendants before seeking *ex parte* relief. Id. at *4–5.

The same circumstances are present here. Mr. Dermarderosian is a U.S. citizen based in California. He was never served, never notified of this action, and had no opportunity to respond before judgment was entered. *See* Ex. 1 at ¶¶ 2, 5–6. Plaintiff made no effort to investigate his location, confirm service, or distinguish him from foreign counterfeiters. *See* [9]. Its allegations are based entirely on visual inspection of an eBay listing and unsupported assumptions of wrongdoing. [9].

Just as in *Celine*, the Court should find that Plaintiff's failure to properly serve a U.S.-based defendant and failure to conduct even basic diligence renders the judgment void under Rule 60(b)(4) and justifies vacatur under Rule 60(b)(1).

## CONCLUSION

**WHEREFORE** Default judgment should be vacated because Mr. Dermarderosian was never served, responded promptly, and has a legitimate defense. The Court should also dissolve the asset restraints and enjoin further enforcement against him. In short, Defendant respectfully asks the Court to:

1. Vacate the default judgment;
2. Dissolve the preliminary injunction and asset freeze; and
3. Grant any other appropriate relief.

Respectfully submitted,

/s/ Benjamin C.R. Lockyer
Benjamin C.R. Lockyer
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, IL 60638
(773) 340-0011
ben@lockyerlaw.com

*Counsel for Defendant*
*No. 98 Garnisells (Ara Dermarderosian)*