**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OUYEINC LTD., ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-05187 |
| ) | |
| v. ) | Hon. J. Jeremy C. Daniel |
| ) | |
| THE PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED IN SCHEDULE "A," ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF BENJAMIN LOCKYER

I, Benjamin C.R. Lockyer, of the City of Chicago, Illinois, am over the age of 18 and declare under penalty of perjury as follows:

1. I am an attorney licensed to practice in the State of Illinois and the principal of Lockyer Law LLC. I represent Defendant Ara Dermarderosian in the above-captioned matter.

2. I have substantial experience investigating and enforcing intellectual property rights, both as a government prosecutor and as a private attorney representing leading brands. I previously served as an Assistant Attorney General for the State of Illinois, where I was assigned to the Organized Retail Crime Task Force and prosecuted financial crimes, including the sale of counterfeit and stolen goods. In that role, I worked closely with private intellectual property investigators and U.S. Customs and Border Protection on the identification, seizure, and prosecution of counterfeit merchandise. As an Assistant Attorney General, I worked with law enforcement and oversaw the investigation and prosecution of individuals engaged in the sale of counterfeit luxury handbags, pharmaceutical products, and beauty products.

3. After my government service, I joined Greer, Burns & Crain (GBC), a leading intellectual property litigation firm and one of the most active filers of Schedule A trademark cases in this District and nationally. At GBC, I worked on 33 Schedule A lawsuits and personally investigated thousands of online seller accounts to determine whether they were engaged in counterfeiting.

4. Through that experience, I became highly familiar with the procedures and evidentiary standards necessary to properly and ethically bring a Schedule A case. My role involved directly reviewing online seller accounts for evidence of foreign sales and investigating purchased physical products for signs of counterfeiting. I routinely worked with brand owners and investigators to ensure allegations were supported by actual evidence—particularly where sellers appeared to be foreign-based entities.

5. Since being retained by Mr. Dermarderosian in April 2025, I have made repeated efforts to resolve this matter without court involvement. I contacted Plaintiff's counsel, Ilya Zlatkin, and explained that Mr. Dermarderosian is a U.S. citizen residing in San Fernando, California. I further advised that he lawfully acquired the goods at issue from a domestic auction and resold them in good faith through his eBay storefront.

6. Despite receiving this information, Plaintiff's counsel refused to release the restrained funds or voluntarily dismiss Mr. Dermarderosian. He confirmed in writing that $1,240.36 had been seized from my client's PayPal account, and declined to return the funds or dismiss the case absent the payment of $20,000. Email from Ilya Zlatkin 4.17.25 (Exhibit A).

7. The investigative approach used by Plaintiff in this matter deviates from the accepted practices followed by experienced Schedule A filers. In my experience at GBC, sellers are added to Schedule A lawsuits only after a good-faith investigation confirms that they appear

to be operating from a foreign jurisdiction and trafficking in counterfeit goods. This typically includes reviewing publicly available information—such as seller bios or shipping origins—which often indicate that a seller is located in China or another foreign country. U.S.-based sellers are excluded from such actions unless supported by additional evidence.

8. Additionally, test purchases are routinely conducted before filing to physically inspect the product and determine whether it is counterfeit. Visual inspection of an online listing is not, by itself, is not always a reliable or sufficient basis for asserting counterfeiting or pursuing asset restraint.

9. Here, Plaintiff did not conduct a test purchase, did not verify Mr. Dermarderosian's location, and based its claim entirely on a screenshot of an eBay listing. That listing did not include any indication that the seller was located overseas. In fact, it clearly showed that the seller was based in Burbank, California.

10. In my experience, this is not how counterfeit investigations are properly or ethically conducted. Once Plaintiff was informed and shown evidence that Mr. Dermarderosian was a domestic reseller who lawfully acquired the goods, the appropriate and expected response was to release the account restraint and voluntarily dismiss him from the case. Plaintiff refused to do so. Instead, Plaintiff demanded a $20,000 payment to settle and release the funds.

11. In my opinion, based on professional experience in both public service and private enforcement, Plaintiff's actions in this matter fall outside the accepted norms for prosecuting Schedule A trademark cases and reflect an improper use of the asset restraint process.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 11th day of June, 2025, in Chicago, Illinois.

/s/ *Benjamin Lockyer*
Benjamin C.R. Lockyer
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, IL 60638
(773) 340-0011
ben@lockyerlaw.com

***Counsel for Defendant***
***No. 98 Garnisells (Ara Dermarderosian)***

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OUYEINC LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-05187 |
| | ) | |
| v. | ) | Hon. J. Jeremy C. Daniel |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF BENJAMIN LOCKYER—Exhibit A**

| | |
|---|---|
| **Subject:** | Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication |
| **Date:** | Thursday, April 17, 2025 at 6:37:56 AM Central Daylight Time |
| **From:** | Ilya Zlatkin |
| **To:** | Ben Lockyer |
| **CC:** | Ana Juneja, Zlatkin Wong Enforcement Team |
| **Attachments:** | image001.jpg, Motion for Entry of Default and Default Judgment - NDIL Case No. 22-cv-5187 - garnisells.pdf, Summons and Motion for Preliminary Injunction - NDIL Case No. 22-cv-5187 - garnisells.pdf |

Hi Ben (and please feel free to call me Ilya),

As you are likely well aware, the Court, in its discretion, may permit for electronic service of process, even against U.S. residents/citizens. Your client was electronically served with the summons, complaint, and the motion for default judgment at the email address provided by eBay. The emails we sent to your client's [garniara@gmail.com](mailto:garniara@gmail.com) address are attached here -- redacted to remove the other defendants' email addresses. These messages, combined with the publication of the relevant documents online, satisfied the court's requirements for electronic service of process. Your client had timely notice of both the suit and the motion for default judgment. Your client ignored both sets of communications, and well over a year has now passed since entry of default and default judgment. There is no valid basis for setting aside the default judgment.

The amount awarded in the default judgment against each defendant is $20,000. The amount we have received from eBay thus far in relation to your client is $1,758.27. If your client wishes to provide an offer of an additional payment, our client would be willing to engage in good faith negotiations to consider a satisfaction of judgment at an amount less than the full $20,000. Given that you now have confirmation that service was proper, we would not view any of the arguments you've mentioned in your email as something that would be made in good faith. (And please note that the injunction bond in this case has already been released.)

I look forward to hearing from you as to whether your client is interested in exploring the potential of a satisfaction of judgment through an additional agreed-upon payment.

Best,
Ilya

On Wed, Apr 16, 2025 at 2:38 PM Ben Lockyer <[ben@lockyerlaw.com](mailto:ben@lockyerlaw.com)> wrote:

> Dear Mr. Zlatkin,
>
> I am writing on behalf of my client, Ara Dermarderosian, the owner and operator of the eBay account *Garnisells* (Line No. 98), which has been named as a defendant in the above-captioned lawsuit filed in the Northern District of Illinois.
>
> Mr. Dermarderosian is a California resident who was only recently made aware of this litigation after receiving a notice from eBay stating that his account was being removed due to this lawsuit. He is now reaching out in good faith to resolve this matter amicably and to seek the immediate reinstatement of his eBay account.
>
> My client strongly objects to the Court's exercise of personal jurisdiction over him, and further questions the manner in which service was allegedly effected. He is a U.S. citizen with no ties to China and is not engaged in the sale of counterfeit goods, as alleged in the complaint. The default and subsequent seizure of his account occurred without proper notice or due process, and we believe it was undertaken in violation of his constitutional rights, as well as Plaintiff's duty to conduct a reasonable investigation prior to filing suit.

We hope this matter can be resolved informally and trust that the removal of my client's account was in error. However, should it become necessary to file a motion to set aside the default judgment, my client will pursue all available remedies, including seeking attorneys' fees, costs, and a release of the bond posted in this case.

Please feel free to contact me at your convenience if you would like to discuss this further. If we do not hear a response by close of business on Friday, we will file an appearance and seek to set aside the default.

Sincerely,

Ben

**Benjamin C.R. Lockyer** | PRINCIPAL



6515 W. Archer Ave. | Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

--

**ILYA G. ZLATKIN**

*Managing Partner*

**ZLATKIN CANN ENTERTAINMENT**

4245 N. Knox Ave.

Chicago, IL 60641

**Phone:** 312.809.8022
**Email:** ilya@zce.law