IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OUYEINC LTD. | ) |
| Plaintiff, | ) Case No. 22-cv-05187 |
| v. | ) Hon. J. Jeremy C. Daniel |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," | ) |
| Defendants. | ) |

## MOTION FOR SANCTIONS
## AND MOTION TO FIND CASE EXCEPTIONAL

Defendant Ara Dermarderosian, erroneously identified as "No. 98 Garnisells" in Schedule A of the Complaint ("Mr. Dermarderosian"), by and through his attorneys, respectfully moves for sanctions against Plaintiff Ouyeinc Ltd. ("Plaintiff") pursuant to the Court's inherent power and Fed. R. Civ. P. 11, for litigation misconduct in filing a factually and legally baseless complaint, resulting in the wrongful restraint of a U.S. citizen's lawfully earned assets.

Plaintiff filed a Schedule A complaint seeking *ex parte* injunctive relief based on a boilerplate declaration from its manager, Rongji Ge [Dkt. 9], and supporting declarations from counsel [Dkt. 8, 11], which failed to include any specific facts or evidence tying Mr. Dermarderosian to the alleged sale of counterfeit goods. Based on Plaintiff's representation that a "visual inspection" was only conducted, it appears that Plaintiff failed to: (1) conduct a test purchase; and (2) conduct an actual inspection or test the product to determine it was counterfeit. Plaintiff never alleged—nor could it support—the claim that Mr. Dermarderosian is a foreign counterfeiter yet included him in the action based on assumptions.

Mr. Dermarderosian is a U.S. citizen residing in California, operating his eBay store under

1

the store name Garnisells The product he sold was lawfully purchased via auction and resold in accordance with the First Sale Doctrine. The sworn declaration submitted by Plaintiff's manager states only that products were "visually inspected" based on web listings and pricing and makes general assertions about foreign counterfeiting networks without identifying specific conduct or actors.

Plaintiff further sought and obtained an *ex parte* TRO and asset restraint based on these assumptions. Plaintiff's counsel filed declarations and certifications claiming compliance with service requirements and asserting knowledge of the defendants' foreign status. Yet when notified by defense counsel that Mr. Dermarderosian was a domestic seller with no ties to counterfeiting, Plaintiff refused to release the restrained funds or engage in meaningful resolution. Despite being presented with Mr. Dermaderosian's meritorious defense, Plaintiff refused to undo the account restraint on the basis that the default judgment was proper.

This course of conduct—filing unsupported allegations, obtaining *ex parte* relief without proper investigation, and maintaining an asset restraint after notice of error—constitutes abuse of judicial process and misconduct warranting sanctions.

Mr. Dermarderosian respectfully requests:

- Award him his attorneys' fees and costs;
- Make a finding of exceptionality under 15 U.S.C. § 1117(a);
- Order the reinstatement of his eBay seller account; and
- Grant such other relief as the Court deems appropriate.

This is an exceptional case under the Lanham Act, 15 U.S.C. § 1117(a), and sanctions are warranted both under the Court's inherent authority and Rule 11. In accordance with Rule 11(c)(2), Defendant has served this motion and permitted Plaintiff twenty-one (21) days to withdraw or appropriately correct the challenged conduct before filing with the Court.

3

Respectfully Submitted,


*/s/ Benjamin C.R. Lockyer*
Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com
(773) 340-0011

***Attorney for Defendant No. 98 Garnisells***