IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OUYEINC LTD. | ) |
| Plaintiff, | ) Case No. 22-cv-05187 |
| v. | ) Hon. J. Jeremy C. Daniel |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS AND MOTION TO FIND CASE EXCEPTIONAL**

Defendant Ara Dermarderosian, erroneously identified as "No. 98 Garnisells" in Schedule A ("Mr. Dermarderosian"), by and through his attorneys, respectfully moves for costs and sanctions against Plaintiff Ouyeinc Ltd. ("Plaintiff") pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 11, for litigation misconduct in filing a legally and factually baseless complaint.

All of Plaintiff's motions and filings-including its *ex parte* motions for temporary restraining order, preliminary injunction, and default judgment-were supported by boilerplate declarations devoid of any specific investigation or factual basis as to Mr. Dermarderosian. These filings falsely labeled him as a foreign counterfeiter, despite his being a U.S. citizen residing in California with no connection to foreign operations. The result was the wrongful restraint of his assets based on misrepresentations.

Mr. Dermarderosian seeks sanctions in the form of attorney's fees and costs and requests that the Court investigate Plaintiff and its counsel for a broader pattern of false filings and misuse of Schedule A litigation procedures.

1

**FACTUAL BACKGROUND**

On September 23, 2022, Plaintiff filed this action against hundreds of unidentified defendants alleging trademark counterfeiting. The case followed the "Schedule A" template: a sealed complaint, an ex parte motion for a temporary restraining order, and a boilerplate declaration alleging that all defendants were foreign counterfeiters.

Mr. Dermarderosian, a U.S. citizen residing in San Fernando, California, was included in the sealed Schedule A as "No. 98 Garnisells." See Decl. of Ara Dermarderosian ¶¶ 2–3, ECF No. 98-1 ("Ex. 1"). He operates a small eBay storefront under the name Garnisells, where he resells items lawfully acquired from U.S.-based sources. *Id.* ¶¶ 3–4. The product at issue—a box of wax warmers—was purchased at a California auction in April 2020. *Id.* ¶ 4. He was never served with process and was unaware of the litigation until his PayPal and eBay accounts were frozen in April 2025. *Id.* ¶¶ 5–6.

Plaintiff supported its request for a TRO and preliminary injunction using the generic declaration of Rongji Ge, who stated that visual inspections were conducted but offered no individualized information or test purchase regarding Mr. Dermarderosian's listing. See Decl. of Rongji Ge ¶ 7, ECF No. 9. The declaration makes no mention of "Garnisells" or any specific link to Mr. Dermarderosian's account. Id.

When undersigned counsel contacted Plaintiff's counsel and provided evidence that Mr. Dermarderosian was a domestic seller who lawfully acquired the goods at issue, Plaintiff refused to release the restraint or dismiss him. Instead, Plaintiff demanded $20,000 to resolve the matter. Decl. of Benjamin Lockyer ¶ 10, ECF No. 98-2. In total, Plaintiff seized $1,758.27 from Mr. Dermarderosian without providing notice or performing a test purchase. See Ex. 1 ¶ 8.

Plaintiff's misconduct is not isolated. In the same case, another individual—Michelle

Padilla—filed a pro se declaration identifying herself as a California resident, similarly included and restrained without justification. See Dkt. 94 at 1. In another Schedule A case, Plaintiff was named in a counterclaim alleging abuse of process based on similar conduct. See *Ouyeinc Ltd. v. Anymall*, No. 20-cv-3591, Dkt. 101, at 14–16 (N.D. Ill.).

## ARGUMENT

This case involves an abuse of judicial process. Plaintiff used boilerplate filings and unsupported declarations to secure extraordinary *ex parte* relief against a U.S.-based citizen with no ties to foreign counterfeiting. Courts in this District have repeatedly rejected this tactic. The same misconduct has led to sanctions and fee awards in similar Schedule A actions. This case stands out as exceptional under the Lanham Act and warrants an award of compensatory damages, attorneys' fees, and further inquiry.

### I. PLAINTIFF'S MISREPRESENTATIONS VIOLATE RULE 11 AND WARRANT SANCTIONS

Plaintiff violated Rule 11(b)(3) by making factual contentions without evidentiary support and without conducting a reasonable inquiry into Mr. Dermarderosian's identity or conduct. Courts in this District have repeatedly sanctioned similar misuse of Schedule A litigation. *See Xped*, 2023 WL 5748350, at *12–13.

This is not a matter of first impression. Courts in this district have found that misrepresentations in anti-counterfeiting cases to obtain jurisdiction or an *ex parte* restraining order are sanctionable conduct warranting attorney's fees. *See Xped LLC v. Entities Listed on Ex. 1*, 2023 WL 5748350 at *17, No. 21 CV 6237 (N.D. Ill. Sep. 6, 2023) ("*XPed*"). Like this matter, *Xped* is a Schedule A anti-counterfeiting case that was brought in this court. The plaintiff in *Xped* also obtained a TRO/preliminary injunction to freeze online merchant accounts by falsely claiming that the defendants were "foreign companies with no meaningful ties to the United States." *Id.* at

3

*12. Despite being made personally aware of this false statement, the *Xped* plaintiff failed to correct its representations to the Court and continued its false prosecution on the basis that the large number of defendants it sued warranted less diligence in verifying its claims. *Id.* ("[Plaintiff's Attorney] and those who reported to him failed to conduct a reasonable investigation that would have revealed the clear evidence of Defendant's U.S. presence."). The court found that the Plaintiff and its attorney's failure to conduct a proper investigation was sanctionable conduct that was punishable under this its inherent power. *Id.* at *13.

Here, Plaintiff relied on boilerplate filings, failed to conduct a test buy, and refused to lift the freeze even after being presented with exculpatory evidence. Plaintiff's declarant never mentioned Mr. Dermarderosian's storefront. See ECF No. 9. Plaintiff's counsel submitted declarations asserting foreign service and proper jurisdiction, despite presumeably knowing Mr. Dermarderosian resided in California. See Decl. of Ilya Zlatkin, ECF No. 8; Mot. for E-Service, ECF No. 11; Supp. Mot. for Default, ECF No. 76.

Moreover, Plaintiff's allegations ignored clear evidence that Mr. Dermarderosian had a meritorious defense. He is a United States citizen and a California resident residing in Glendale, California. As such, he should have been sued, if at all, in the Central District of California—not in the Northern District of Illinois. Venue was not proper in this District, and Plaintiff made no effort to justify proceeding against a California resident here. This alone underscores the lack of investigation and disregard for due process.

Mr. Dermarderosian operates his storefront transparently as a business located in California. The product at issue was not counterfeit; it was lawfully acquired through a legitimate U.S.-based auction and resold in compliance with the First Sale Doctrine. Plaintiff conducted no inspection of the actual goods, did not perform a test buy, and failed to consider or investigate the

4

chain of custody of the product. Even a minimal inquiry would have revealed that the goods were authentic and domestically sourced by conducting a simple test purchase of the products at issue.

Mr. Dermarderosian's defense is not only credible but compelling. He acted in good faith, within the bounds of U.S. commerce and trademark law. Rather than present concrete proof of infringement, Plaintiff relied entirely on the presumption that Mr. Dermarderosian must be a counterfeiter merely because he was selling products on a platform like eBay. This is precisely the type of assumption Rule 11 seeks to prevent.

This pattern of misidentification is not limited to Mr. Dermarderosian. Another defendant in this same case, Michelle Padilla, also filed a declaration identifying herself as a California resident. While she did not explicitly raise a venue challenge, the fact remains that she, too, should have been sued—if at all—in the Central District of California. The inclusion of multiple California-based defendants in a case filed in the Northern District of Illinois highlights Plaintiff's systematic disregard for proper venue and jurisdiction. It further demonstrates that Plaintiff did not perform any reasonable, individualized analysis of the defendants before seeking sweeping *ex parte* relief. As a result of this, Mr. Dermarderosian had over $1,000 in his eBay account taken from him and lost his eBay store account without any notice or opportunity to respond.

When confronted with these errors, Plaintiff chose not to correct the record, but to double down on its litigation strategy and force Mr. Dermaderosian to seek the assistance of the Court's to undo Plaintiff's wrongful restraint. This conduct is sanctionable under both Rule 11 and the Court's inherent power. *See Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004) (affirming sanctions where plaintiff obtained TRO through false venue allegations).

**II.  THIS CASE IS EXCEPTIONAL UNDER 15 U.S.C. § 1117(a)**

The Lanham Act allows prevailing defendants to recover attorneys' fees in "exceptional

cases." 15 U.S.C. § 1117(a). Under *Octane Fitness*, a case is exceptional if it "stands out from others" due to the weakness of a party's position or the unreasonable manner in which the case was litigated. 572 U.S. 545, 554 (2014). This case meets both criteria.

Plaintiff made no effort to verify its claims before seeking an *ex parte* TRO and asset freeze. Mr. Dermarderosian is a U.S. citizen and resident of Glendale, California. He operated a storefront online through his ebay account, lawfully acquired the product through a domestic auction, and resold it in compliance with the First Sale Doctrine. Plaintiff ignored these facts. It instead lumped him into a mass Schedule A suit with over a hundred other defendants, asserted without support that he was part of a foreign counterfeiting network, and used the same boilerplate declaration to obtain extraordinary relief.

As illustrated in the image below, a visual inspection of Mr. Dermarderosian's business account would show that his operations appear to be based in California:

Shipping: $5.00 Standard Shipping | See details
Item location: Glendale, California, United States
Ships to: United States and many other countries | See details
Delivery: Estimated between Thu. Jan. 21 and Mon. Jan. 25 to 60642
Financing: PayPal CREDIT

Evidence of infringement provided by Plaintiff. Attached as Dermaderosian Exhibit 2.

Venue is improper in this District. Yet Plaintiff took no steps to justify bringing suit in Illinois. It made no individualized showing of personal jurisdiction, nor did it attempt to serve Mr. Dermarderosian in accordance with Rule 4.

Further, Plaintiff's inclusion of another defendant, Michelle Padilla—who also submitted a filing showing she also purports to be a California citizen—demonstrates a pattern of abuse. Plaintiff did not investigate the residence or business operations of any defendant, and

6

indiscriminately joined unrelated parties in a mass action to facilitate asset freezes and leverage default judgments.

This conduct is nearly identical to the misconduct found sanctionable in *Viacom Int'l Inc. v. P'ships & Assocs. Identified on Sched. A*, No. 20 C 7418, 2022 WL 20467158 (N.D. Ill. Mar. 11, 2022). There, the court awarded compensatory damages where the plaintiff made unsupported claims of foreign counterfeiting and wrongfully restrained a U.S.-based business. The court emphasized that the judicial process depends on affidavits containing accurate information. *Id.* at *4. Plaintiff's filings here failed that standard.

An award of attorney's fees and compensatory damages is warranted to redress Mr. Dermarderosian's harms and to deter future misuse of the Court's equitable powers. Plaintiff is a repeat Schedule A filer and knows the risks of abusing these tools. Its refusal to release the restraint or acknowledge its mistake only compounds the harm. This Court should find the case exceptional under § 1117(a) and issue an award to prevent recurrence.

### III. THE COURT SHOULD IMPOSE MONETARY SANCTIONS

This case is not an isolated mistake. Plaintiff and its counsel have engaged in a pattern of filing Schedule A lawsuits using nearly identical pleadings and declarations, without regard for the actual identity or location of the defendants. In fact, in a separate Schedule A case, Plaintiff Ouyeinc Ltd. was named as a counter-defendant in an abuse of process claim based on the same conduct alleged here: misidentifying U.S.-based defendants as foreign counterfeiters and obtaining asset restraints ex parte without reasonable investigation. *Ouyenic, Ltd. v. Individuals, P'ships, and Unincorporated Assoc's. Identified on Schedule A*, No. 20-cv-3591 (N.D. Ill.) at Dkt. 101, at pp. 14-16.

Additionally, in this very case, another defendant, Michelle Padilla, submitted a filing

indicating that she is a California citizen unaffiliated with any counterfeiting network. See Dkt. 94 (noting that Ms. Padilla's return address is a California residence). She, too, had her account restrained without proper notice or evidence of wrongdoing. This supports the contention that Plaintiff has repeatedly and indiscriminately sued U.S.-based individuals in the wrong venue, relying on a boilerplate litigation framework to pursue improper injunctions.

Courts have made clear that a pattern of false filings and abusive litigation tactics justifies heightened sanctions. *See Ridge Chrysler Jeep, LLC v. Daimler Chrysler Servs.*, 2006 WL 2808158, at *9–10 (N.D. Ill. Sept. 6, 2006); *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015). To deter similar conduct, this Court should:

- Award Mr. Dermarderosian his full attorney's fees and costs;
- Make a finding of exceptionality under the Lanham Act;
- Sanction Plaintiff and its attorneys under the Court's inherent authority; and
- Order further inquiry into the Plaintiff's and counsel's conduct in other Schedule A filings.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

- Award him his attorneys' fees and costs;
- Make a finding of exceptionality under 15 U.S.C. § 1117(a);
- Order the reinstatement of his eBay seller account; and
- Grant such other relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Benjamin C.R. Lockyer*
Benjamin C.R. Lockyer
Lockyer Law LLC

8

        6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

Ana Juneja
Wire Law
444 N. Michigan Avenue, Suite 1200
Chicago, IL 60611
ana@wire.law

***Attorneys for Defendant No. 98 Garnisells***