IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OUYEINC LTD., ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-05187 |
| ) | |
| v. ) | Hon. J. Jeremy C. Daniel |
| ) | |
| THE PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED IN SCHEDULE "A," ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF RULE 11 COMPLIANCE

I, Benjamin C.R. Lockyer, declare as follows:

1. I am an attorney licensed to practice in the State of Illinois and admitted to practice before this Court. I am counsel for Defendant Ara Dermarderosian in the above-captioned action.

2. On May 20, 2025, I served Plaintiff's counsel, Ilya Zlatkin of Zlatkin Wong LLP, with a draft Motion for Sanctions and accompanying Memorandum of Law. A true and correct copy of the email communication is attached hereto as **Exhibit A**.

3. This notice was provided pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, which requires that a motion for sanctions be served on the opposing party at least 21 days before filing with the Court to allow for withdrawal or correction of the challenged claims.

4. The proposed motion identified the factual and legal deficiencies in Plaintiff's filings, including the improper restraint of Mr. Dermarderosian's eBay account, the lack of evidence of counterfeiting, and the absence of personal jurisdiction or proper venue in the Northern District of Illinois.

5. The safe harbor period expired on June 10, 2025. Plaintiff has not withdrawn, amended, or corrected the challenged filings, nor has Plaintiff offered to release Mr. Dermarderosian's restrained account.

6. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on June 12, 2025, in Chicago, Illinois.

/s/ *Benjamin Lockyer*

Benjamin C.R. Lockyer
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, IL 60638
(773) 340-0011
ben@lockyerlaw.com

***Counsel for Defendant***
***No. 98 Garnisells (Ara Dermarderosian)***

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OUYEINC LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-05187 |
| | ) | |
| v. | ) | Hon. J. Jeremy C. Daniel |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF RULE 11 COMPLIANCE—Exhibit A**

**Thursday, June 12, 2025 at 11:42:24 AM Central Daylight Time**

| | |
|---|---|
| **Subject:** | Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication |
| **Date:** | Tuesday, May 20, 2025 at 6:57:02 PM Central Daylight Time |
| **From:** | Ben Lockyer |
| **To:** | Ilya Zlatkin |
| **CC:** | Ana Juneja, Zlatkin Wong Enforcement Team |
| **Attachments:** | image001.jpg, image001.jpg, image001.jpg, image001.jpg, Ouyeinc- Memo of law in support of sanctions.pdf, Ouyeinc- Mtn for Sanctions.pdf |

Ilya,

Please see the attached proposed motion for sanctions and memorandum of law. Given that Mr. Dermaderosian has been forced to incur legal fees to challenge the improper restraint of his account, he is demanding $5,000 in compensation and the release of his eBay account to resolve this matter without further court intervention.

This offer is made pursuant to Rule 11's 21-day safe harbor provision and will remain open through **June 10, 2025**.

I would also note that Mr. Dermaderosian is not the only party in this matter who appears to be a U.S. citizen whose account was wrongfully restrained without evidence of counterfeiting or proper venue.

Please advise how you and your client wish to proceed.

Sincerely,
Ben

**Benjamin C.R. Lockyer** | PRINCIPAL



6515 W. Archer Ave. | Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

**From:** Ilya Zlatkin <ilya@zce.law>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OUYEINC LTD. | )<br>)<br>) |
| Plaintiff, | ) Case No. 22-cv-05187<br>) |
| v. | ) Hon. J. Jeremy C. Daniel<br>) |
| THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED IN SCHEDULE "A," | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MOTION FOR SANCTIONS**
**AND MOTION TO FIND CASE EXCEPTIONAL**

Defendant Ara Dermarderosian, erroneously identified as "No. 98 Garnisells" in Schedule A of the Complaint ("Mr. Dermarderosian"), by and through his attorneys, respectfully moves for sanctions against Plaintiff Ouyeinc Ltd. ("Plaintiff") pursuant to the Court's inherent power and Fed. R. Civ. P. 11, for litigation misconduct in filing a factually and legally baseless complaint, resulting in the wrongful restraint of a U.S. citizen's lawfully earned assets.

Plaintiff filed a Schedule A complaint seeking *ex parte* injunctive relief based on a boilerplate declaration from its manager, Rongji Ge [Dkt. 9], and supporting declarations from counsel [Dkt. 8, 11], which failed to include any specific facts or evidence tying Mr. Dermarderosian to the alleged sale of counterfeit goods. Based on Plaintiff's representation that a "visual inspection" was only conducted, it appears that Plaintiff failed to: (1) conduct a test purchase; and (2) conduct an actual inspection or test the product to determine it was counterfeit. Plaintiff never alleged—nor could it support—the claim that Mr. Dermarderosian is a foreign counterfeiter yet included him in the action based on assumptions.

Mr. Dermarderosian is a U.S. citizen residing in California, operating his eBay store under

1

the store name Garnisells The product he sold was lawfully purchased via auction and resold in accordance with the First Sale Doctrine. The sworn declaration submitted by Plaintiff's manager states only that products were "visually inspected" based on web listings and pricing and makes general assertions about foreign counterfeiting networks without identifying specific conduct or actors.

Plaintiff further sought and obtained an *ex parte* TRO and asset restraint based on these assumptions. Plaintiff's counsel filed declarations and certifications claiming compliance with service requirements and asserting knowledge of the defendants' foreign status. Yet when notified by defense counsel that Mr. Dermarderosian was a domestic seller with no ties to counterfeiting, Plaintiff refused to release the restrained funds or engage in meaningful resolution. Despite being presented with Mr. Dermaderosian's meritorious defense, Plaintiff refused to undo the account restraint on the basis that the default judgment was proper.

This course of conduct—filing unsupported allegations, obtaining *ex parte* relief without proper investigation, and maintaining an asset restraint after notice of error—constitutes abuse of judicial process and misconduct warranting sanctions.

Mr. Dermarderosian respectfully requests:

1. An award of attorney's fees and costs incurred in responding to this matter;
2. A finding that Plaintiff's actions were in bad faith and unsupported by evidence as to Mr. Dermarderosian;
3. An order referring this matter for further investigation into similar conduct in other Schedule A cases filed by Plaintiff and its counsel.

This is an exceptional case under the Lanham Act, 15 U.S.C. § 1117(a), and sanctions are

3

warranted both under the Court's inherent authority and Rule 11. In accordance with Rule 11(c)(2), Defendant has served this motion and permitted Plaintiff twenty-one (21) days to withdraw or appropriately correct the challenged conduct before filing with the Court.

Respectfully Submitted,


*/s/ Benjamin C.R. Lockyer*
Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com
(773) 340-0011

***Attorney for Defendant No. 98 Garnisells***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OUYEINC LTD. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-05187 |
| | ) | |
| v. | ) | Hon. J. Jeremy C. Daniel |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SANCTIONS AND MOTION TO FIND CASE EXCEPTIONAL**

Defendant Ara Dermarderosian, erroneously identified as "No. 98 Garnisells" in Schedule A ("Mr. Dermarderosian"), by and through his attorneys, respectfully moves for costs and sanctions against Plaintiff Ouyeinc Ltd. ("Plaintiff") pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 11, for litigation misconduct in filing a legally and factually baseless complaint.

All of Plaintiff's motions and filings-including its *ex parte* motions for temporary restraining order, preliminary injunction, and default judgment-were supported by boilerplate declarations devoid of any specific investigation or factual basis as to Mr. Dermarderosian. These filings falsely labeled him as a foreign counterfeiter, despite his being a U.S. citizen residing in California with no connection to foreign operations. The result was the wrongful restraint of his assets based on misrepresentations.

Mr. Dermarderosian seeks sanctions in the form of attorney's fees and costs and requests that the Court investigate Plaintiff and its counsel for a broader pattern of false filings and misuse of Schedule A litigation procedures.

1

**FACTUAL BACKGROUND**

On September 23, 2022, Plaintiff filed this action against hundreds of unidentified defendants alleging claims of trademark counterfeiting. The case followed the familiar Schedule A template: the complaint was filed under seal with a motion for *ex parte* TRO and preliminary injunction, all supported by nearly identical declarations. Plaintiff made sweeping claims that all defendants were foreign counterfeiters who would dissipate assets unless restrained.

Defendant Ara Dermarderosian was included in the sealed Schedule A as "No. 98 Garnisells." Decl. of Ara Dermaderosian ("Exhibit 1") at ¶3. He was not notified of the proceedings and only learned of the lawsuit after his PayPal and eBay accounts were frozen in April 2025. *Id.* at ¶6. Contrary to Plaintiff's allegations, Mr. Dermarderosian is a private individual and U.S. citizen who operates an eBay account store. *Id.* at ¶3. He lawfully acquired the product at issue through a domestic auction and resold it under the protections of the First Sale Doctrine. *Id.* at ¶4.

Plaintiff purports that its only basis for its restraint was its "visual inspection" of Mr. Dermarderosian's eBay page. [9] at ¶7. Based on this, it appears that Plaintiff never conducted a test buy or product authentication. Its supporting declaration from manager Rongji Ge generically asserts that products were visually inspected and appeared counterfeit-but makes no mention of Garnisells or Mr. Dermarderosian. *See* [9]. Instead, it recycles vague assertions as seen in other Schedule A cases.

Even after being contacted by defense counsel and presented with evidence that Mr. Dermarderosian was a domestic seller and had purchased the goods lawfully, Plaintiff refused to lift the asset freeze thus requiring this motion and Defendants' motion to set aside default judgment.

2

The abuse is not limited to Mr. Dermarderosian. In the same case, another defendant—Ms. Michelle Padilla—filed a pro se declaration in this matter identifying herself as a U.S.-based seller in Castro Valley, California. She too denied any involvement in a counterfeiting network and was similarly subjected to asset restraints. This illustrates that Plaintiff indiscriminately included domestic parties without performing individualized due diligence, then relied on blanket representations to obtain ex parte relief.

Moreover, in a related matter, Plaintiff Ouyeinc Ltd. was named as a counter-defendant in an abuse-of-process claim in *Ouyeinc Ltd. v. Anymall*, No. 20-cv-3591 (N.D. Ill.). There, the counterclaim alleged that Plaintiff pursued litigation for anti-competitive purposes, misused judicial process to restrain assets wrongfully, and made knowingly false representations to the Court to obtain TROs. Plaintiff persisted in prosecuting that case even after being provided proof that the restrained defendant was not a foreign counterfeiter and that the patent asserted was invalid.

These facts suggest a broader pattern: Plaintiff, with the aid of its counsel, engages in boilerplate filings to obtain powerful *ex parte* relief, wrongly groups domestic resellers into sweeping allegations of international counterfeiting, and maintains those allegations even when notified of errors.

## **ARGUMENT**

This case involves an abuse of judicial process. Plaintiff used boilerplate filings and unsupported declarations to secure extraordinary *ex parte* relief against a U.S.-based citizen with no ties to foreign counterfeiting. Courts in this District have repeatedly rejected this tactic. The same misconduct has led to sanctions and fee awards in similar Schedule A actions. This case

stands out as exceptional under the Lanham Act and warrants an award of compensatory damages, attorneys' fees, and further inquiry.

I. **PLAINTIFF'S MISREPRESENTATIONS VIOLATE RULE 11 AND WARRANT SANCTIONS**

Plaintiff violated Rule 11(b)(3) by making factual contentions without evidentiary support and without conducting a reasonable inquiry into Mr. Dermarderosian's identity or conduct. Courts in this District have repeatedly sanctioned similar misuse of Schedule A litigation. *See Xped*, 2023 WL 5748350, at *12–13.

In *Xped*, the court found that the plaintiff obtained a TRO and asset freeze by misrepresenting that all defendants were foreign, when in fact at least one defendant was a U.S. business. The plaintiff was sanctioned for failing to conduct a reasonable pre-filing investigation. Here, Plaintiff did the same.

The declaration by Mr. Ge does not identify Mr. Dermarderosian or his store. *See* [9]. It contains no specific facts, no test buys, and no analysis of whether the product was genuine. Plaintiff's counsel also signed declarations asserting proper service and foreign status that were clearly inaccurate. *See Decl. of Zlatkin*, [8]; *Mtn. for Elec. Serv.*, [11]; Supp. Mot. for Default, Dkt. [76].

Moreover, Plaintiff's allegations ignored clear evidence that Mr. Dermarderosian had a meritorious defense. He is a United States citizen and a California resident residing in Glendale, California. As such, he should have been sued, if at all, in the Central District of California—not in the Northern District of Illinois. Venue was not proper in this District, and Plaintiff made no effort to justify proceeding against a California resident here. This alone underscores the lack of investigation and disregard for due process.

Mr. Dermarderosian operates his storefront transparently as a business located in California. The product at issue was not counterfeit; it was lawfully acquired through a legitimate U.S.-based auction and resold in compliance with the First Sale Doctrine. Plaintiff conducted no inspection of the actual goods, did not perform a test buy, and failed to consider or investigate the chain of custody of the product. Even a minimal inquiry would have revealed that the goods were authentic and domestically sourced by conducting a simple test purchase of the products at issue.

Mr. Dermarderosian's defense is not only credible but compelling. He acted in good faith, within the bounds of U.S. commerce and trademark law. Rather than present concrete proof of infringement, Plaintiff relied entirely on the presumption that Mr. Dermarderosian must be a counterfeiter merely because he was identified on a platform like eBay. This is precisely the type of assumption Rule 11 seeks to prevent.

This pattern of misidentification is not limited to Mr. Dermarderosian. Another defendant in this same case, Michelle Padilla, also filed a declaration identifying herself as a California resident. While she did not explicitly raise a venue challenge, the fact remains that she, too, should have been sued—if at all—in the Central District of California. The inclusion of multiple California-based defendants in a case filed in the Northern District of Illinois highlights Plaintiff's systematic disregard for proper venue and jurisdiction. It further demonstrates that Plaintiff did not perform any reasonable, individualized analysis of the defendants before seeking sweeping *ex parte* relief.

When confronted with these errors, Plaintiff chose not to correct the record, but to double down on its litigation strategy until an appearance was filed. This conduct is sanctionable under both Rule 11 and the Court's inherent power. *See Methode Elecs., Inc. v. Adam Techs., Inc.*, 371

F.3d 923, 927 (7th Cir. 2004) (affirming sanctions where plaintiff obtained TRO through false venue allegations).

## II. THIS CASE IS EXCEPTIONAL UNDER 15 U.S.C. § 1117(a)

The Lanham Act allows prevailing defendants to recover attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). Under Octane Fitness, a case is exceptional if it "stands out from others" due to the weakness of a party's position or the unreasonable manner in which the case was litigated. 572 U.S. 545, 554 (2014). This case meets both criteria.

Plaintiff made no effort to verify its claims before seeking an *ex parte* TRO and asset freeze. Mr. Dermarderosian is a U.S. citizen and resident of Glendale, California. He operated a storefront online through his ebay account, lawfully acquired the product through a domestic auction, and resold it in compliance with the First Sale Doctrine. Plaintiff ignored these facts. It instead lumped him into a mass Schedule A suit with over a hundred other defendants, asserted without support that he was part of a foreign counterfeiting network, and used the same boilerplate declaration to obtain extraordinary relief.

As illustrated in the image below, a visual inspection of Mr. Dermarderosian's business account would show that his operations appear to be based in California:

Shipping: $5.00 Standard Shipping | See details
Item location: Glendale, California, United States
Ships to: United States and many other countries | See details
Delivery: Estimated between **Thu. Jan. 21** and **Mon. Jan. 25** to 60642
Financing: PayPal CREDIT

Evidence of infringement provided by Plaintiff. Attached as Dermaderosian Exhibit 2.

Venue is improper in this District. Yet Plaintiff took no steps to justify bringing suit in Illinois. It made no individualized showing of personal jurisdiction, nor did it attempt to serve Mr.

6

Dermarderosian in accordance with Rule 4.

Further, Plaintiff's inclusion of another defendant, Michelle Padilla—who also submitted a filing showing she also purports to be a California citizen—demonstrates a pattern of abuse. Plaintiff did not investigate the residence or business operations of any defendant, and indiscriminately joined unrelated parties in a mass action to facilitate asset freezes and leverage default judgments.

This conduct is nearly identical to the misconduct found sanctionable in *Viacom Int'l Inc. v. P'ships & Assocs. Identified on Sched. A*, No. 20 C 7418, 2022 WL 20467158 (N.D. Ill. Mar. 11, 2022). There, the court awarded compensatory damages where the plaintiff made unsupported claims of foreign counterfeiting and wrongfully restrained a U.S.-based business. The court emphasized that the judicial process depends on affidavits containing accurate information. *Id.* at *4. Plaintiff's filings here failed that standard.

An award of attorney's fees and compensatory damages is warranted to redress Mr. Dermarderosian's harms and to deter future misuse of the Court's equitable powers. Plaintiff is a repeat Schedule A filer and knows the risks of abusing these tools. Its refusal to release the restraint or acknowledge its mistake only compounds the harm. This Court should find the case exceptional under § 1117(a) and issue an award to prevent recurrence.

### III. THE COURT SHOULD IMPOSE MONETARY SANCTIONS

This case is not an isolated mistake. Plaintiff and its counsel have engaged in a pattern of filing Schedule A lawsuits using nearly identical pleadings and declarations, without regard for the actual identity or location of the defendants. In fact, in a separate Schedule A case, Plaintiff Ouyeinc Ltd. was named as a counter-defendant in an abuse of process claim based on the same conduct alleged here: misidentifying U.S.-based defendants as foreign counterfeiters and obtaining

7

asset restraints ex parte without reasonable investigation. *Ouyenic, Ltd. v. Individuals, P'ships, and Unincorporated Assoc's. Identified on Schedule A*, No. 20-cv-3591 (N.D. Ill.) at Dkt. 101, at pp. 14-16.

Additionally, in this very case, another defendant, Michelle Padilla, submitted a filing indicating that she is a California citizen unaffiliated with any counterfeiting network. See Dkt. 94 (noting that Ms. Hutchins' return address is a California residence). She, too, had her account restrained without proper notice or evidence of wrongdoing. This supports the contention that Plaintiff has repeatedly and indiscriminately sued U.S.-based individuals in the wrong venue, relying on a boilerplate litigation framework to pursue improper injunctions.

Courts have made clear that a pattern of false filings and abusive litigation tactics justifies heightened sanctions. *See Ridge Chrysler Jeep, LLC v. Daimler Chrysler Servs.*, 2006 WL 2808158, at *9–10 (N.D. Ill. Sept. 6, 2006); *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015). To deter similar conduct, this Court should:

- Award Mr. Dermarderosian his full attorney's fees and costs;
- Make a finding of exceptionality under the Lanham Act;
- Sanction Plaintiff and its attorneys under the Court's inherent authority; and
- Order further inquiry into the Plaintiff's and counsel's conduct in other Schedule A filings.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

- Award him his attorneys' fees and costs;
- Make a finding of exceptionality under 15 U.S.C. § 1117(a); and
- Grant such other relief as the Court deems appropriate.

8

        Respectfully Submitted,

        */s/ Benjamin C.R. Lockyer*
        Benjamin C.R. Lockyer
        Lockyer Law LLC
        100 N. Riverside Plaza, Suite 2400
        Chicago, Illinois 60606
        ben@lockyerlaw.com
        (773) 340-0011
        ***Attorney for Defendant No. 98 Garnisells***