IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Ouyeinc Ltd., <br><br> Plaintiff, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule "A", <br><br> Defendants. | Case No. 1:22-cv-05187 <br><br> Judge Jeremy C. Daniel |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ARA DERMARDEROSIAN'S MOTION TO VACATE THE DEFAULT JUDGMENT**

Plaintiff Ouyeinc, Ltd. ("Plaintiff"), by and through its undersigned counsel, submits this response in opposition to the motion to vacate the default judgment [Dkt. 101] ("Motion to Vacate") filed by Defendant Ara Dermarderosian, who was previously identified as Schedule A defendant No. 98 garnisells ("Defendant").

**I.   INTRODUCTION**

Plaintiff filed its complaint on September 23, 2022, alleging trademark infringement and counterfeiting (as well as related claims under the Lanham Act and Illinois state law) by various defendants, including Defendant. [Dkt. 1]. On October 14, 2022, the Court issued a temporary restraining order, including dynamics with respect to expedited discovery and electronic service of process. [Dkt. 15; Dkt. 16].

Plaintiff proceeded to obtain expedited discovery from various platforms, including eBay, which is the platform on which Defendant sold products. This expedited discovery included email addresses of defendants, including Defendant. On November 9, 2022, Plaintiff moved to convert the temporary restraining order into a preliminary injunction. [Dkt. 20]. On November 16, 2022, the Court issued a minute entry taking the motion for preliminary injunction under advisement.

1

[Dkt. 21]. The Court granted defendants until November 28, 2022, to appear and object. [*Id*.]. The Court also ordered Plaintiff to serve the notice regarding the response deadline to defendants. [*Id*.]. On November 19, 2022, Plaintiff emailed defendants, including Defendant, providing the Court's minute entry, summons, complaint, and motion for preliminary injunction. [*See* Declaration of Ilya G. Zlatkin, ¶ 3, Ex. 2; Dkt. 22]. In accordance with the Court's order permitting electronic service of process, Plaintiff also published the relevant documents online. [*See id.*, ¶ 2, Ex. 1]. Defendant did not appear to oppose the motion for preliminary injunction, and the Court granted the motion and issued the preliminary injunction on June 13, 2023. [Dkt. 72, Dkt. 73].

On June 14, 2023, Plaintiff moved for entry of default and default judgment. [Dkt. 74]. The Court then proceeded to issue a minute order on June 16, 2023 [Dkt. 78], allowing defendants (including Defendant) until June 29, 2023 to object to Plaintiff's motion, and requiring Plaintiff to serve the notice upon defendants. Plaintiff proceeded to email the motion-related documents to all applicable defendants, including Defendant, the same day. [*See* Zlatkin Decl., ¶ 5, Ex. 3]. Plaintiff also published the relevant documents online, same as before. [*See id.*, ¶ 4, Ex. 1]. Defendant did not appear to object, and so on January 3, 2024, the Court granted Plaintiff's motion for default and default judgment. [Dkt. 90]. Well over a year later, Defendant now requests to set aside the default and default judgment, grasping for straws under various provisions of Rule 60(b). For the many reasons set forth below, all of Defendant's arguments fail, and Defendant's Motion to Vacate should be denied in its entirety.

## II. <u>ARGUMENT</u>

Because a final default judgment has been issued in this case, Rule 60(b) provides the standard for vacating it. FED. R. CIV. P. 55(c). As Defendant has acknowledged, the standard for setting aside entry of a final default judgment is stricter than the one for setting aside entry of

2

default prior to a judgment. *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023). Although the Court has considerable discretion in setting aside a final default judgment, "Courts grant relief under Rule 60(b) only in exceptional circumstances." *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 860 (7th Cir. 2016). To vacate a default judgment, "the moving party must demonstrate: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (internal quotation marks omitted). "The burden of proof rests on the party moving to vacate the judgment." *Trade Well*, 825 F.3d at 861. Regardless of whether the more lenient or stricter standard is applied, Defendant has failed to meet his burden. Defendant has also failed to support that the default judgment entered against him is void, or that there is any other reason that would justify relief.

    a. **No good cause exists for setting aside the default judgment, because service was proper under Rule 4, and Defendant has failed to provide sufficient evidence to rebut Plaintiff's evidence as to proper service.**

Defendant alleges that he was never served with the complaint, summons, or any court filings. [Dkt. 101 at 3, 6]. These conclusory allegations, however, do not overcome the proof Plaintiff has provided of adequate service. Due process requires that service of notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, the Court determined that "[e]lectronic service of process does not violate any treaty and is consistent with due process because it effectively communicates the pendency of this action to defendants." [Dkt. 15].

Rule 4(l) directs that service under Rule 4(f)(3) be proven either "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." FED. R. CIV. P. 4(l)(B). "Because a receipt signed by the addressee is usually not available when service is made by e-mail, the more common means of proving service

3

via this method is a server's signed declaration attesting that they sent the email to the defendant's address." *Peanuts Worldwide LLC v. P'ships, et al.*, 347 F.R.D. 316, 323 (N.D. Ill. 2024) (cleaned up), *appeal dismissed sub nom. Peanuts Worldwide LLC v. Electrician Guy*, No. 24-2170, 2024 WL 5297821 (7th Cir. Aug. 28, 2024).

Here, Plaintiff's counsel served Defendant at the email address provided by eBay as being associated with Defendant (garniara@gmail.com). [Zlatkin Decl., ¶ 3, Ex. 2]. Plaintiff's counsel then submitted a declaration confirming service, and the return of service specifically stated that Plaintiff's counsel "electronically published the Complaint, TRO, motion for preliminary injunction, and other relevant documents on a website" and "sent an e-mail to the e-mail addresses received [sic] to-date from third parties, which e-mail included a link to said website and the Complaint (including all exhibits), Summons, and the Court's minute entry taking motion for preliminary injunction as attachments." [Dkt. 22 at 2]. Plaintiff's counsel's "signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (internal quotation marks omitted); *Peanuts Worldwide*, 347 F.R.D. at 323 (finding that plaintiff's counsel's signed return of service stating that they "served the email address associated with Defendant's Walmart Marketplace account" on a particular date constituted *prima facie* evidence of valid service).

Defendant nevertheless alleges that service was improper because Defendant is a U.S. citizen and that Plaintiff did not show that Defendant was part of a foreign counterfeiting operation. [Dkt. 101 at 3, 7]. Even if Defendant is taken at his word that he is an individual residing in California, such that Rule 4(f) would not apply for service of process, Plaintiff can still have effected service properly under other provisions of Rule 4. Specifically, Rule 4(e)(1) permits

4

service upon U.S. residents in accordance with the state law of where the district court is located or "where service is made." Assuming Defendant has truthfully stated that he was at all relevant times in California, the state law of California allows for substitute service by publication, and service in "a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." CAL. CIV. PROC. CODE § 413.30. This includes email. *THC-Orange Cnty. Inc. v. Valdez*, No. 17-CV-01911-LB, 2017 WL 3115171, at *3 (N.D. Cal. July 21, 2017) (collecting cases and noting that "Under section 413.30 (in Article 4), courts in this district have authorized service by email."). Thus, regardless of whether Defendant is a foreign infringer or a California-based one, electronic service was permitted under either Rule 4(f)(3) or under a combination of Rule 4(e) and section 413.30 of the California Code of Civil Procedure.

This Court utilized its discretion and properly authorized electronic service of process, specifically noting that electronic service "is consistent with due process because it effectively communicates the pendency of this action to defendants." [Dkt. 15]; *see also Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (authorizing email service on domestic defendants under Rule 4(e) and California law because service by email was "reasonably calculated to give actual notice to the Domestic Defendants" because they were "engaged in internet-based commercial activities and rely on email as a means of communication."); *Balsam v. Angeles Tech. Inc.*, No. C06-04114 JFHRL, 2007 WL 2070297, at *3 (N.D. Cal. July 17, 2007) (authorizing email service under Rule 4(e) and California law because it was "reasonably calculated to give [defendants] notice of the action"). The result would be the same if Illinois state law was applied. *See Nesbitt v. Regas*, No. 13 C 8245, 2015 WL 1331291, at *5 n.11 (N.D. Ill. Mar. 20, 2015) (determining that "Rule 4(e)(1) allows

5

service by any method permissible under Illinois law and that 735 ILCS 5/2-203.1 permits any manner of service consistent with due process.") (internal citations omitted); *DePyper v. Roundy's Supermarkets, Inc.*, No. 20-CV-2317, 2020 WL 6565225, at *4 (N.D. Ill. Nov. 9, 2020) ("Because virtual communication has become ubiquitous, Plaintiffs are granted leave to serve notice via email"). Plaintiff has presented prima facie evidence that they effected service on Defendant in the manner prescribed by this Court, [Dkt. 15; Dkt. 22], so Defendant's argument that he was not subject to service electronically lacks merit.

Defendant disputes receiving service and submitted a declaration alleging that he was "never served with a summons or complaint in this lawsuit" and that he "did not receive any email communications from Plaintiff or its attorneys in connection with this action." [Dkt. 101-1 at ¶ 5]. However, Defendant's "uncorroborated [] affidavit merely stating that he has not been personally served with summons is insufficient to overcome the presumption favoring the affidavit of service." *Peanuts Worldwide*, 347 F.R.D. at 323 (brackets omitted). Moreover, Defendant has failed to allege, through sworn declaration or otherwise, that the email address to which service was effected (garniara@gmail.com) was incorrect. In fact, Defendant's own evidence submitted along with his declaration shows that the email served was valid and is still being used by Defendant. [Dkt. 101-1 at 3 (showing garniara@gmail.com as Defendant's email address for purposes of e-signature); *see also*, Zlatkin Decl., ¶ 7, Ex. 4 (email from Defendant to Plaintiff's counsel sent from garniara@gmail.com address)]. Accordingly, Defendant's conclusory allegations that he was not served are insufficient to overcome the prima facie evidence of service Plaintiff has provided through the declaration and return of service provided by Plaintiff's counsel previously and in conjunction with this response. [Dkt. 22; Zlatkin Decl., ¶¶ 2–3, Ex. 1–2]; *see also Peanuts Worldwide*, 347 F.R.D. at 323–24 (finding that Plaintiff had adequately proven it

6

served defendant using electronic service, where Plaintiff submitted a signed return of service, while defendant merely offered conclusory statements as to improper service without alleging that the email used by Plaintiff was incorrect).

    b. **Defendant did not take quick corrective action.**

The promptness of correcting a default is assessed on a case-by-case basis. *Antsy Labs, LLC v. The Individuals, et al.*, No. 21-cv-3297, at *5 (N.D. Ill. Sept. 19, 2022). While in some instances delays of even a few weeks may be deemed unacceptable, other times actions taken to set aside default after much longer delays may be deemed sufficiently quick. *See, e.g.*, *Smith v. Widman Trucking Excavating*, 627 F.2d 792, 797–98 (7th Cir. 1980) (10-week delay deemed acceptable); *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) ("If, for instance, the defendant (through no fault of his or her own) did not even become aware of the default judgment until one month (or six months) after its entry, maybe trying to vacate the judgment at that late date would be quick enough to satisfy the standard."). Notably, Rule 60(b) motions, which are subject to a more stringent standard than Rule 55(c) motions, must be "made within a reasonable time," and for some circumstances cannot be made more than a year after entry of default judgment. *See* FED. R. CIV. P. 60(c)(1). More specifically, default judgments over a year old are prohibited from being set aside based on arguments that (1) mistake, inadvertence, surprise, or excusable neglect occurred, (2) new evidence was discovered, or (3) the opposing side engaged in any fraud, misrepresentation, or misconduct. FED. R. CIV. P. 60(c)(1); FED. R. CIV. P. 60(b)(1)–(3). "This time limit is jurisdictional and cannot be extended." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006).

In the current case, Defendant requests to set aside default over seventeen months after final default judgment was entered. Specifically, the default judgment order was entered against

7

Defendant on January 3, 2024, [Dkt. 90], and Defendant did not file his Motion to Vacate until June 11, 2025. [Dkt. 101]. Defendant is therefore time-barred from seeking relief under Rule 60(b)(1), 60(b)(2), or 60(b)(3). Defendant's allegation that the restraint on his account and funds "came as a surprise," [Dkt. 101-1 ¶ 7], does not help Defendant. Similarly, as the evidence presented by Plaintiff shows, at best, Defendant did not realize that he had received important court documents from Plaintiff. Such circumstances fall under the categories of mistake, inadvertence, or potentially excusable neglect. All these reasons are precluded after a year has passed after entry of default judgment.

Defendant also asserts that the default judgment should be set aside under Rule 60(b)(4) and Rule 60(b)(6). While the one-year limit does not apply to those subsections, a motion to vacate must nevertheless in all instances be brought within a reasonable amount of time. FED. R. CIV. P. 60(c)(1). As discussed in more detail below, neither of those provisions help Defendant.

### c. Defendant does not have any meritorious defense.

"A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165. A defendant must allege more than "bare legal conclusions." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). The Seventh Circuit has consistently held that "a general denial of the complaint's allegations, without any factual support, is insufficient to state a meritorious defense." *Wehrs*, 688 F.3d at 890–91. Here, Defendant fails at reaching the necessary threshold.

The primary defense alleged by Defendant is the first sale doctrine, pursuant to which a merchant may resell genuine products without exposure. [Dkt. 101 at 5]. The first sale doctrine

does not apply, however, when the product being resold is itself not genuine. *Safety Socket LLC v. Relli Tech., Inc.*, No. 18-CV-6670, 2023 WL 3455117 at *6 (N.D. Ill. May 15, 2023) ("A key to the first sale doctrine is that the products are 'genuine goods.'"); *Slep-Tone Ent. Corp. v. Am.'s Bar & Grill, LLC*, No. 13 C 8526, 2014 WL 4057442, at *4 (N.D. Ill. Aug. 15, 2014) ("There is nothing to support . . . allow[ing] a broad expansion of the limited first sale doctrine to include copied, unoriginal items merely because they may 'pass' for the original item."); *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 21 ITRD 2031 at *3 (N.D. Ill. 1999) ("This Court does not credit defendant's first sale defense because the foreign-version cigarettes are not 'genuine.' Trademarks applied to physically different foreign goods are not genuine from the viewpoint of the American consumer.") (internal citations omitted). "Trademarked goods are not considered genuine goods until the trademark owner first authorizes the sale of those goods." *Maui Jim, Inc. v. SmartBuy Guru Enters.*, 459 F. Supp. 3d 1058, 1081 (N.D. Ill. 2020).

Defendant clearly states that he did not purchase the products in question from Plaintiff. [Dkt. 101 at 5]. Further, Defendant does not even purport to have purchased the products from any authorized manufacturer. [*See id*.]. Instead, Defendant states that he acquired the products "through a legitimate U.S.-based auction in Buena Park, California." [*Id*.]. Despite Defendant's bare legal conclusions, nothing presented by Defendant can overcome Plaintiff's sworn statements, based on a "visual inspection," that the products offered for sale by Defendant were counterfeit. [*See* Dkt. 9 at ¶ 7]; *see also Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997) (written sworn statements "are fully admissible in summary proceedings, including preliminary-injunction proceedings."). The Seventh Circuit has acknowledged that affidavits and other written statements "by their nature are self-serving," but that a court may nevertheless consider self-serving statements made under oath if they are based on personal knowledge and set forth specific

9

facts. *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013). Having provided such sworn statements, it is not Plaintiff's burden to prove further that the products were counterfeit. Instead, the burden rests with Defendant to prove in a manner that would withstand summary judgment that the product was authentic. *Safety Socket*, 2023 WL 3455117, at *6. While for purposes of the Motion to Vacate Defendant does not need to prove that he would be successful, the only thing that Defendant has established through his submissions is that there is **no factual basis** to support application of the first sale doctrine. Any questions raised by Defendant as to propriety of default judgment cannot be deemed "serious."

In a similar vein, it appears that Defendant claims that his acting "in good faith" and "lawfully [reselling] goods he purchased domestically" would serve as a defense. [*See* Dkt. 101 at 6]. The applicable anticounterfeiting provision, however, does not exempt from liability parties that did not have knowledge or intent to infringe. *See* 15 U.S.C. § 1114(a). This is accentuated by the presence of a knowledge requirement under another subsection of the provision. *See* 15 U.S.C. § 1114(b) ("Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.") (emphasis added); *see also Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (brackets in original). Whether Defendant and his operations are U.S.-based similarly has no bearing as to his liability. *See UL LLC v. Am. Energy Prods., LLC*, 358 F. Supp. 3d 753, 759–60 (N.D. Ill. 2019) ("As the Seventh Circuit has held, a defendant's reputation or citizenship does not give him a license to steal trademarks from large nonresident corporations, and . . . the trademark laws do not

10

excuse modest infringements by petty pirates.") (cleaned up). Similarly, none of the other laws that serve as the basis of Plaintiff's claims require knowledge or intent, or any connection to foreign actors. *See* 15 U.S.C. § 1125(a); 815 ILCS 510/2.

Consequently, Defendant has not shown any meritorious defense in the current case. Even if he had, however, default cannot be vacated solely on the basis of a meritorious defense, considering that Defendant has failed to present good cause or quick action, as discussed above. *See Jones*, 39 F.3d at 165 ("Of course, even if [defaulted defendant] had a meritorious defense, her failure to demonstrate good cause for her default and quick action to rectify the default is sufficient to deny her motion to vacate the default judgment.").

### d. The default judgment cannot be set aside under Rule 60(b)(4).

Since Defendant's Motion to Vacate was brought more than one year after the default judgment was entered, Defendant also attempts to seek vacatur of the default judgment under Rule 60(b)(4), arguing that the judgment is void. [Dkt. 101 at 3, 6–8]. Judgments are considered void under that provision if a court lacked personal jurisdiction or if service was improper. *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016). Same as with respect to proving inadequate service of process, the burden of proving that the court lacked jurisdiction rests with the movant. *See Bally Export Corp. v. Valicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986).

As discussed above, Defendant has utterly failed to satisfy his burden to show that he was not properly served. The same is true for Defendant's personal jurisdiction argument. Defendant has offered nothing but conclusory statements without any evidence or analysis as to why he is not subject to this Court's personal jurisdiction. The sole basis for why this Court purportedly does not have personal jurisdiction over him is that he "resides in San Fernando, California, and operates a domestic resale business on [sic] in Glendale, California." [Dkt. 101 at 6]. Seventh Circuit cases

"make clear, however, that physical presence is not necessary for a defendant to have sufficient minimum contacts with a forum state." *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 577 (2023). Furthermore, Defendant himself has supplied evidence showing that Defendant was, at a minimum, willing to ship the product throughout the United States, including to Illinois. [Dkt. 104]. Courts in this District have found specific jurisdiction to exist based on an offer to ship to the forum, without any purchase of the infringing product. *See, e.g.*, *Roadget Bus. Pte. Ltd. v. Individuals, et al.*, No. 24 CV 607, 2024 WL 3338942, at *4 (N.D. Ill. July 9, 2024); *Tommy Hilfiger Licensing, LLC v. P'ships, et al.*, No. 20 C 7477, Dkt. 46 (N.D. Ill. Mar. 24, 2021); *Christian Dior Couture, S.A. v. Liu, et al.*, No. 15 C 6324, Dkt. 92, at *7 (N.D. Ill. Nov. 17, 2015). Therefore, defendant's statements as to Defendant's purported residence and operations are not enough to meet Defendant's burden.

e. **The default judgment cannot be set aside under Rule 60(b)(6).**

Finally, Defendant seeks to invoke Rule 60(b)(6) based on Plaintiff's alleged "pattern of procedural shortcuts and misuse of *ex parte* relief." [Dkt. 101 at 6]. "The provisions of Rule 60(b)(1)–(5) are mutually exclusive from Rule 60(b)(6); Rule 60(b)(6) is only available when provisions (1)–(5) are inapplicable." *Berkeley*IEOR v. Teradata Operations, Inc.*, No. 17 C 7472, 2023 WL 11992312 (N.D. Ill. June 2, 2023) (citing *Kemp v. U.S.*, 596 U.S. 528, 528 (2022)). Critically, "if the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available." *Arrieta*, 461 F.3d at 865. "To permit relief under the catchall provision in such situations would render the one-year time limitation meaningless." *Id*.

Defendant's approach fails, as the asserted grounds for relief is more properly characterized as grounds under Rule 60(b)(3), relating to relief from a final judgment due to "fraud (whether

12

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). Accordingly, since Defendant's claim for relief under Rule 60(b)(6) qualifies under the enumerated grounds of Rule 60(b)(3), such relief is not available and Defendant cannot circumvent the one year time limitation imposed for Rule 60(b)(3) by bringing the Motion to Vacate under Rule 60(b)(6).

In support of Defendant's argument, Defendant nevertheless attempts to liken the current case to *Celine S.A. v. P'ships, et al.*, No. 24 C 6208, 2025 WL 712484 (N.D. Ill. Mar. 5, 2025). Defendant's characterization of that case, however, is irredeemably flawed and does not support vacating the current default judgment. In *Celine*, the defendant presented two arguments for vacating default. First, the defendant argued that the default judgment was void because "e-mail service is not provided for in the [Hague] Convention." Second, the defendant sought vacatur because six months had not elapsed since the transmission of service at the time that default judgment was entered, as required under the Hague Convention. *Id*. at 2–3.

Defendant asserts that the *Celine* court vacated the default judgment "because plaintiff failed to show that the defendant—a domestic seller—had been properly served or was part of a foreign counterfeiting operation." [Dkt. 101 at 7]. This is grossly misleading and mischaracterizes the holding of the case. The *Celine* court **rejected** defendant's argument that email service was improper, noting that courts have routinely upheld service by email in similar situations. *Id*. at 2. Instead, the Celine court accepted defendant's second argument regarding timelines required by the Hague Convention. *Id.* at 2–3. Given that the Convention's provisions were mandatory, failure to adhere to the six-month minimum period rendered the judgment void. *Id*. at 3. The current case is clearly distinguishable, because, unlike in *Celine*, more than six months passed from the time Defendant was served, [*see* Dkt. 22 (showing service as of Nov. 19, 2022); Zlatkin Decl., ¶ 3,

Ex. 2 (same)], to the time the default judgment was entered. [Dkt. 90 (entered on Jan. 3, 2024)]. Thus, Article 15 of the Hague Convention, to the extent that it even applies here, was not violated.

The *Celine* court also evaluated the defendant's motion under Rule 60 and found that four "**atypical circumstances**" in that case justified granting relief under Rule 60(b)(6). *Id*. at 5–6 (emphasis added). In addition to the failure to abide by the six-month period mandated by the Hague Convention, these "atypical circumstances" included the fact that "the record of service in th[e] case [was] unusually bare." *Id*. at 6. The court noted that the record of service did not contain any information that would connect the emails sent by plaintiff specifically to the relevant defendant's account. *See id*. at 5. Those circumstances stand in stark contrast to this case. As discussed above, in addition to having presented prima facie evidence of service through the return of service filed by Plaintiff's counsel, Plaintiff has presented evidence that an email containing all necessary documents was sent to the email address belonging, indisputably, to Defendant.

Moreover, the *Celine* court found an atypical circumstance because the court "had reason to doubt the accuracy of plaintiff's filings obtaining the default judgment and opposing its vacatur." *Id*. at 5. Specifically, the evidence of defendant's infringement offered by the *Celine* plaintiff showed "no evidence of plaintiff's trademark anywhere on the product or on the page" and reviews for the products showed "purchasers unboxing and donning sunglasses bearing no trademarks." *Id*. Since none of the *Celine* plaintiff's evidence actually showed any infringing conduct by defendant, the *Celine* court found that plaintiff's unsupported representations also presented an atypical circumstance. *Id*. at 6. In contrast, the evidence submitted by Plaintiff of Defendant's infringement in this case clearly shows Defendant's listing using Plaintiff's trademark "Pro-Wax 100" in the product listing title as well as under "Item specifics." [Dkt. 10-6, at 34–39; *see also*, Dkt. 104]. Lastly, the *Celine* court found an atypical circumstance because defendant had

a meritorious defense to Plaintiff's counterfeiting allegations. *Id*. at 6. As addressed previously, Defendant does not have any meritorious defense here.

The bottom line is that none of the four "atypical circumstances" justifying application of Rule 60(b)(6) in *Celine* are present in the current case. *See Celine S.A.*, 2025 WL 712484 at *6 ("Taken together, these extraordinary circumstances constitute a 'reason that justifies relief.'"). Defendant's misrepresentative reliance on *Celine* does not support vacating the default judgment. As a result, even if Defendant's use of Rule 60(b)(6) was not already barred by virtue of being a disingenuous recharacterization of Rule 60(b)(3), Defendant has failed to provide any other reason that would justify relief from default judgment.

## III. CONCLUSION

Defendant has failed to show good cause for Defendant's default, any quick action to correct it, or a meritorious defense to Plaintiff's complaint. Plaintiff has clearly shown that Defendant is liable for trademark infringement and counterfeiting, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act. Defendant has not met Defendant's burden under Rule 60(b) for setting aside a final default judgment – especially more than a year after the judgment was issued. For the foregoing reasons, Defendants Motion to Vacate should be denied in its entirety.

Dated: July 2, 2025

/s/ Ilya G. Zlatkin
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
ilya@zce.law
(312) 809-8022

*Counsel for Plaintiff*