# Exhibit 5

 Gmail

Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

---

**Ben Lockyer** <ben@lockyerlaw.com>                                                                                          Wed, Apr 16, 2025 at 2:38 PM
To: "ilya@zce.law" <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, "info@zce.law" <info@zce.law>

Dear Mr. Zlatkin,

I am writing on behalf of my client, Ara Dermarderosian, the owner and operator of the eBay account *Garnisells* (Line No. 98), which has been named as a defendant in the above-captioned lawsuit filed in the Northern District of Illinois.

Mr. Dermarderosian is a California resident who was only recently made aware of this litigation after receiving a notice from eBay stating that his account was being removed due to this lawsuit. He is now reaching out in good faith to resolve this matter amicably and to seek the immediate reinstatement of his eBay account.

My client strongly objects to the Court's exercise of personal jurisdiction over him, and further questions the manner in which service was allegedly effected. He is a U.S. citizen with no ties to China and is not engaged in the sale of counterfeit goods, as alleged in the complaint. The default and subsequent seizure of his account occurred without proper notice or due process, and we believe it was undertaken in violation of his constitutional rights, as well as Plaintiff's duty to conduct a reasonable investigation prior to filing suit.

We hope this matter can be resolved informally and trust that the removal of my client's account was in error. However, should it become necessary to file a motion to set aside the default judgment, my client will pursue all available remedies, including seeking attorneys' fees, costs, and a release of the bond posted in this case.

Please feel free to contact me at your convenience if you would like to discuss this further. If we do not hear a response by close of business on Friday, we will file an appearance and seek to set aside the default.

Sincerely,

Ben

**Benjamin C.R. Lockyer** | PRINCIPAL



6515 W. Archer Ave. | Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.



Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ilya Zlatkin** <ilya@zce.law>                                                                  Thu, Apr 17, 2025 at 6:37 AM
To: Ben Lockyer <ben@lockyerlaw.com>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Hi Ben (and please feel free to call me Ilya),

As you are likely well aware, the Court, in its discretion, may permit for electronic service of process, even against U.S. residents/citizens. Your client was electronically served with the summons, complaint, and the motion for default judgment at the email address provided by eBay. The emails we sent to your client's garniara@gmail.com address are attached here -- redacted to remove the other defendants' email addresses. These messages, combined with the publication of the relevant documents online, satisfied the court's requirements for electronic service of process. Your client had timely notice of both the suit and the motion for default judgment. Your client ignored both sets of communications, and well over a year has now passed since entry of default and default judgment. There is no valid basis for setting aside the default judgment.

The amount awarded in the default judgment against each defendant is $20,000. The amount we have received from eBay thus far in relation to your client is $1,758.27. If your client wishes to provide an offer of an additional payment, our client would be willing to engage in good faith negotiations to consider a satisfaction of judgment at an amount less than the full $20,000. Given that you now have confirmation that service was proper, we would not view any of the arguments you've mentioned in your email as something that would be made in good faith. (And please note that the injunction bond in this case has already been released.)

I look forward to hearing from you as to whether your client is interested in exploring the potential of a satisfaction of judgment through an additional agreed-upon payment.

Best,
Ilya
[Quoted text hidden]
--

**ILYA G. ZLATKIN**

*Managing Partner*

**ZLATKIN CANN ENTERTAINMENT**

4245 N. Knox Ave.

Chicago, IL 60641

**Phone:** 312.809.8022
**Email:** ilya@zce.law

---

**2 attachments**

📄 **Motion for Entry of Default and Default Judgment - NDIL Case No. 22-cv-5187 - garnisells.pdf**
86K

📄 **Summons and Motion for Preliminary Injunction - NDIL Case No. 22-cv-5187 - garnisells.pdf**
113K



Ilya Zlatkin <ilya@zce.law>

---

**Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication**

---

**Ben Lockyer** <ben@lockyerlaw.com>                                                                     Thu, Apr 17, 2025 at 4:57 PM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Hi Ilya,

Thank you for your prompt response and for engaging with us on this matter.

We've had an opportunity to review the motion for electronic service and supporting declaration filed with the Court. Based on that review, we have some ongoing concerns about whether the grounds for service were appropriate as applied to Mr. Dermarderosian. As you know, Plaintiff's motion was brought under Rule 4(f)(3), which applies to service on individuals located in foreign countries. However, Mr. Dermarderosian is a U.S. citizen residing in California—not a foreign-based defendant located in China, Israel, or South Korea, which appear to be the primary focus of the motion and Plaintiff's broader enforcement approach. A review of the Garnisells eBay store or even a test purchase would have reflected this.

In addition, the motion seems to rely on generalized assumptions about pseudonymous storefronts and foreign actors involved in counterfeit sales. These assumptions don't align with our client's situation. Mr. Dermarderosian operated his store under his own name and was selling merchandise acquired through legitimate auction sources.

We've also noted that, while a default judgment was entered, no specific evidence of alleged infringement tied to the Garnisells account (Line No. 98) appears to have been filed on the public record. To date, we have not seen any documentation supporting the claims made against our client.

In order to better understand the basis for the claims and to assess potential next steps, we respectfully request that you provide copies of any documents, exhibits, or investigative materials that specifically relate to the Garnisells account. We would appreciate the opportunity to review that information before engaging further on resolution.

As mentioned, Mr. Dermarderosian is approaching this in good faith and remains interested in resolving the matter amicably. We'll follow up with a proposal after we've had a chance to review the relevant materials.

Best regards,
Ben Lockyer

**Benjamin C.R. Lockyer** | PRINCIPAL



6515 W. Archer Ave. | Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

[Quoted text hidden]

 Gmail

Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ben Lockyer** <ben@lockyerlaw.com>                                      Tue, Apr 22, 2025 at 7:48 AM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ilya,

Could you please provide the evidence of infringement?

--

**Benjamin C.R. Lockyer** | Principal
[signature_3182973388]
6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Thursday, April 17, 2025 5:57:50 PM
**To:** Ilya Zlatkin <ilya@zce.law>
**Cc:** Ana Juneja <lawyer@analaw.com>; Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
[Quoted text hidden]

[Quoted text hidden]

 Gmail

Ilya Zlatkin <ilya@zce.law>

**Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication**

**Ben Lockyer** <ben@lockyerlaw.com>                                     Wed, Apr 23, 2025 at 8:12 PM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Hello Ilya,

I am following up on our request for evidence of the infringement. My client needs to regain access to his store as soon as possible. If we do not receive a response by close of business tomorrow, we will file our appearance and file a motion to set aside default.

Ben

--

**Benjamin C.R. Lockyer** | Principal
signature_3182973388
6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Tuesday, April 22, 2025 8:48:15 AM

[Quoted text hidden]

[Quoted text hidden]

 Gmail

Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ilya Zlatkin** <ilya@zce.law>
To: Ben Lockyer <ben@lockyerlaw.com>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Thu, Apr 24, 2025 at 12:55 AM

Hi Ben,

Please see attached.

Best,
Ilya
[Quoted text hidden]

---

📄 **98 garnisells - 22cv5187.pdf**
337K

 Gmail

Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ben Lockyer** <ben@lockyerlaw.com>                                       Thu, Apr 24, 2025 at 9:07 AM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Dear Ilya,

Thank you for sending over the documents. After reviewing the materials and the evidence provided, it is clear that my client's eBay account was improperly restrained.

The image below shows that the listed seller, Garnisells, has verifiable ties to the State of California. There is no indication that my client is associated with a foreign entity. Moreover, if the product in question had actually been purchased, the shipping confirmation would have shown that it originated from California.

Additionally, we are providing documentation showing that the product was legally acquired through auction. Under the first sale doctrine, this transaction is entirely lawful, and there has been no infringement of the marks at issue.

**We therefore ask that you immediately release my client's seller account by close of business today.**

Further, I must underscore that this matter implicates significant due process concerns. The restraint of a U.S. citizen's domestic seller account—based on a motion for ex parte relief under Rule 4(f)(3), which is typically reserved for foreign counterfeiters—was improper. The representations made to the Court about the nature and location of my client appear inaccurate or misleading, and a proper investigation would have shown as much.

As a result, my client is seeking compensation for his lost sales and legal fees. Specifically, we are requesting reimbursement in the amount of $5,000.

We are hopeful this matter can be resolved amicably, and I look forward to your prompt response.

Sincerely,


Ben

--

**Benjamin C.R. Lockyer** | Principal



6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ilya Zlatkin <ilya@zce.law>
**Date:** Thursday, April 24, 2025 at 1:55 AM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
**Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

Hi Ben,


Please see attached.


Best,

Ilya

On Wed, Apr 23, 2025 at 8:12 PM Ben Lockyer <ben@lockyerlaw.com> wrote:

Hello Ilya,

I am following up on our request for evidence of the infringement. My client needs to regain access to his store as soon as possible. If we do not receive a response by close of business tomorrow, we will file our appearance and file a motion to set aside default.

Ben

--

**Benjamin C.R. Lockyer** | Principal
**Error! Filename not specified.**
6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com
CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Tuesday, April 22, 2025 8:48:15 AM
**To:** Ilya Zlatkin <ilya@zce.law>
**Cc:** Ana Juneja <lawyer@analaw.com>; Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
**Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

Ilya,

Could you please provide the evidence of infringement?

--

**Benjamin C.R. Lockyer** | Principal
**Error! Filename not specified.**
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

---

**2 attachments**



**Screen Shot 2025-04-24 at 9.28.50 AM.png**
817K

**Invoice 34893.pdf**
3440K



## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ilya Zlatkin** <ilya@zce.law>                                                                                              Thu, Apr 24, 2025 at 7:08 PM
To: Ben Lockyer <ben@lockyerlaw.com>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ben,

The first sale doctrine does not serve as a defense when the products at issue are counterfeit. The products offered at your client's storefront were counterfeit -- not genuine Pro-Wax 100 products being resold.

Further, "Item Location" is not the same thing as defendant location. There are plenty of non-U.S. merchants who sell items that show up as being warehoused in the U.S.

Our motion for electronic service pursuant to Rule 4(f)(3) was based on the declaration that, upon information and belief, the vast majority of the defendants in the case were outside the U.S. -- not that all defendants were from outside the U.S. All of that is true, and the court deemed it appropriate to allow for such service. Your client was electronically served in compliance with what the court permitted, and your client chose to ignore the multiple notifications.

I've reached out to our client to see what terms they may find acceptable to allow for a satisfaction of judgment with respect to your client, but returning any funds to your client, let alone paying your client anything over the top, is completely out of the question.

If your client wishes to spend resources in its futile attempt, I suppose that's your client's prerogative. At worst, we can engage in jurisdictional discovery, and at the end of the day, your client will still have exposure in California.

I will follow up after I hear back from our client. If you feel compelled to file something in the meantime, that is obviously up to you.

Best,
Ilya

[Quoted text hidden]



Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ben Lockyer** <ben@lockyerlaw.com>                                       Thu, Apr 24, 2025 at 11:08 PM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Dear Ilya,

Can you please clarify the basis for your claim that my client sold counterfeit products? We have seen no test buy or documentation supporting that allegation.

Additionally, what evidence did you rely on to classify him as a foreign counterfeiter? My client is a United States citizen and a California resident. A basic test buy or review of his account details would have made that clear.

I am attempting to resolve this matter without motion practice or involving the Court, but my client's account was improperly restrained and his profits were seized. Notably, the amount sold does not reflect what he actually earned. There appears to be no factual basis to support this restraint, and no evidence that my client is a foreign counterfeiter.

I would appreciate your prompt response.

Best,

Ben

--

**Benjamin C.R. Lockyer** | Principal



[Quoted text hidden]
[Quoted text hidden]



## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ilya Zlatkin** <ilya@zce.law>                                              Fri, Apr 25, 2025 at 12:56 PM
To: Ben Lockyer <ben@lockyerlaw.com>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ben,

15 U.S.C. 1114 is not limited to foreign counterfeiting. Domestic counterfeiters are equally violators. The statute also includes the offer for sale and advertising of counterfeit goods as a violation. Your client has, at a minimum, engaged in both of those activities with respect to our client's trademark.

Your client's assets were evidently not restrained prior to the issuance of the default judgment order (i.e., as part of the temporary and preliminary injunctive relief that we obtained in this case). The reason your client is dealing with this right now is because they chose to ignore the communications that they received about this case at a time when their arguments may have led to the prevention of the default judgment being granted.

I will let you know when I hear back from our client regarding potential resolution.

Best,
Ilya
[Quoted text hidden]

 Gmail

Ilya Zlatkin <ilya@zce.law>

**Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication**

**Ben Lockyer** <ben@lockyerlaw.com>                                                                    Wed, Apr 30, 2025 at 11:32 AM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Dear Ilya,

Apologies for the delay in following up — I have been in depositions for most of this week.

Thank you for your response. I understand that 15 U.S.C. § 1114 applies to both domestic and foreign counterfeiters. However, my concern remains that there is no evidence my client sold counterfeit goods. To date, we have not seen any test buy, authentication, or other factual support for that allegation. If such evidence exists, I would appreciate it if you could please provide it.

Although you note that asset restraints were entered after default, the restraint arose from proceedings in which my client was improperly categorized and grouped with foreign counterfeiters, without a reasonable investigation. As a U.S. citizen residing in California and operating under his own name, he should not have been included in this type of proceeding absent clear proof of infringement.

We are continuing to pursue a resolution in good faith, but we reserve all rights to challenge the judgment and asset restraint if necessary. I look forward to your response and any update from your client.

Sincerely,
Ben

**Benjamin C.R. Lockyer** | PRINCIPAL



6515 W. Archer Ave. | Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

[Quoted text hidden]



Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ben Lockyer** <ben@lockyerlaw.com>                                              Thu, May 1, 2025 at 12:16 PM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Hello Ilya,

Could you please provide us with an update on your client's intent to release the eBay account? In addition, could you please send the evidence that the products at issue are counterfeit?

Ben

**Benjamin C.R. Lockyer** | PRINCIPAL



6515 W. Archer Ave. | Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

[Quoted text hidden]

 Gmail

Ilya Zlatkin <ilya@zce.law>

---

**Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication**

---

**Ben Lockyer** <ben@lockyerlaw.com>                                          Tue, May 6, 2025 at 8:11 AM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

    Ilya,

    Please provide an update on your clients agreement to release the account and the evidence of counterfeiting.

    --

    **Benjamin C.R. Lockyer** | Principal
    image_signature_3182973388
    6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com
    CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Thursday, May 1, 2025 12:16:25 PM
[Quoted text hidden]

[Quoted text hidden]



Ilya Zlatkin <ilya@zce.law>

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ben Lockyer** <ben@lockyerlaw.com>                                                      Wed, May 7, 2025 at 9:40 AM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ilya,

Please provide the evidence of counterfeiting by close of business tomorrow. Our client is asking us to bring this issue to the Court's attention and to seek Rule 11 sanctions.

Thank you,

Ben

--

**Benjamin C.R. Lockyer** | Principal



6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Date:** Tuesday, May 6, 2025 at 8:11 AM
**To:** Ilya Zlatkin <ilya@zce.law>
**Cc:** Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
**Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

Ilya,

Please provide an update on your clients agreement to release the account and the evidence of counterfeiting.

--

**Benjamin C.R. Lockyer** | Principal
**Error! Filename not specified.**
[Quoted text hidden]
[Quoted text hidden]



Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ilya Zlatkin** <ilya@zce.law>                                                                                                     Wed, May 7, 2025 at 10:59 AM
To: Ben Lockyer <ben@lockyerlaw.com>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ben,

The Court granted injunctive relief based on an under-oath declaration from our client that the products offered for sale by defendants, including your client, were inauthentic. The declaration was not filed under seal (other than the exhibit inclusive of what I had forwarded you previously). I'm reattaching it here as well. The Court deemed, correctly, that the declaration was sufficient for meeting Plaintiff's burden. Even self-serving declarations can be sufficient evidence. Are you and your client accusing our client (or our firm or me specifically) of lying under oath or to the court? Obviously, we take issue with that.

Perhaps more pertinently, under FRCP 60(c)(1), you lose the ability to claim fraud, misrepresentation, or misconduct of an opposing party as a reason to set aside default judgment under FRCP 60(b) if the default judgment was issued more than a year prior. And, as you're well aware, it's been well over a year at this point since the default judgment was granted. And, per my prior emails, your client received proper notice of both the pending motion for preliminary injunction, as well as the pending motion for default and default judgment.

You wish to waste everyone's resources litigating the matter trying to set aside judgment? Fine. On the off-chance that you succeed in any respect, we'll make sure that suit gets filed against your client in California. Nothing will change the fact that your client has nothing to controvert our client's claim that the products were inauthentic, nor that your client violated 15 U.S.C. 1114(a) and the other statutes that serve as the basis of the other claims in the complaint.

I'll also remind you that baselessly threatening to pursue sanctions itself can be sanctionable conduct.

Regards,
Ilya
[Quoted text hidden]

---

📄 **2022-10-03 Dkt 9 Declaration of Rongji Ge for TRO - 22cv5187.pdf**
1089K

 **Gmail**

Ilya Zlatkin <ilya@zce.law>

---

**Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication**

---

**Ben Lockyer** <ben@lockyerlaw.com>                                                                 Wed, May 7, 2025 at 1:56 PM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Dear Ilya,

Thank you for forwarding the declaration. We have reviewed it, and respectfully, it does not include any specific reference to my client, Garnisells. It is a generalized declaration that appears to be used as boilerplate in Schedule A cases. There is no individualized analysis, no test buy, and no evidence of any counterfeit product being sold by Garnisells.

My client is not located in China or any foreign jurisdiction. He is a U.S. citizen residing in California and operates his eBay account under his real name. A basic review of his storefront or a test purchase would have confirmed this. The grouping of my client with foreign counterfeit networks based solely on assumptions was improper and has resulted in a wrongful restraint of his assets.

We have repeatedly requested the release of his account so we can resolve this matter amicably and have provided evidence showing the items were purchased lawfully. However, our efforts to engage in a resolution have been diverted into justifying why this restraint never should have occurred in the first place. My client has been harmed, and we believe this restraint—based on a declaration unsupported by specific facts as to him—violates his due process rights.

We are still willing to resolve this informally. However, if your client will not release my client's account and compensate him for the attorneys' fees he has incurred in responding to this matter, we will proceed with filing a Rule 11 motion. We will send a draft in accordance with the 21-day safe harbor provision.

[Quoted text hidden]



Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ilya Zlatkin** <ilya@zce.law>                                                                                           Wed, May 7, 2025 at 2:41 PM
To: Ben Lockyer <ben@lockyerlaw.com>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ben,

I previously sent you the screenshots pertaining specifically to your client. That was part of the Exhibit 2 cross-referenced in the declaration, so the evidence pertaining to your client was indeed submitted with the declaration. You and I then proceeded to have additional correspondence around how our client's (and our firm's) actions were appropriate -- which you seemingly disagree with.

To date, you've been arguing in a conclusory matter, providing no authority for anything. I can't control whether you decide to submit baseless claims or allegations against my client or me. You can submit whatever you deem appropriate, and then I suppose you and your client can also deal with the consequences of that.

If your idea of an amicable resolution is that your client will receive some sort of compensation, then I suppose I'll keep an eye out for your Rule 11 letter.

No amount of saber-rattling from your end, however, will change the fact that your client willfully ignored multiple notifications relating to this case, and that we properly complied with all court orders and the rules of civil procedure in providing those notifications.

Regards,
Ilya
[Quoted text hidden]





Ilya Zlatkin <ilya@zce.law>

---

### Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ben Lockyer** <ben@lockyerlaw.com>                                                    Tue, May 20, 2025 at 6:56 PM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ilya,

Please see the attached proposed motion for sanctions and memorandum of law. Given that Mr. Dermaderosian has been forced to incur legal fees to challenge the improper restraint of his account, he is demanding $5,000 in compensation and the release of his eBay account to resolve this matter without further court intervention.

This offer is made pursuant to Rule 11's 21-day safe harbor provision and will remain open through **June 10, 2025**.

I would also note that Mr. Dermaderosian is not the only party in this matter who appears to be a U.S. citizen whose account was wrongfully restrained without evidence of counterfeiting or proper venue.

Please advise how you and your client wish to proceed.

[Quoted text hidden]

---

**2 attachments**

 **Ouyeinc- Memo of law in support of sanctions.pdf**
277K

 **Ouyeinc- Mtn for Sanctions.pdf**
97K



---

**Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication**

---

**Ilya Zlatkin** <ilya@zce.law>                                                                                          Wed, May 21, 2025 at 10:31 AM
To: Ben Lockyer <ben@lockyerlaw.com>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ben,

You're evidently committed to pursuing this tact, and you've made clear that the only way to avoid your motion for sanctions is for our firm/our client to pay your client. Neither our firm nor our client are inclined to bow to your extortionate tactics. We also obviously reject the premise that your contemplated motion has any merit. It seems, however, that there's no reasonable way to prevent you from wasting the parties' and the Court's resources, so I suppose we'll deal with that in due course.

Regards,
Ilya
[Quoted text hidden]

 Ilya Zlatkin <ilya@zce.law>

---

**Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication**

---

**Ben Lockyer** <ben@lockyerlaw.com>                                                    Wed, Jun 11, 2025 at 3:30 PM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ilya,

Given your lack of response, we intend to file a motion to set aside default and a motion for Rule 11 sanctions against both your client and your firm.

In addition, we have now been retained by Michelle Padilla, another defendant in this matter, who contacted us earlier today. Ms. Padilla is a California resident who lawfully purchased the product in question from a thrift store. Like Mr. Dermarderosian, she is protected under the First Sale Doctrine. We will be filing a motion to set aside the default in her case as well.

At this point, it is apparent that serious errors occurred in the preparation of this lawsuit. As someone who has previously filed Schedule A cases, I understand the burdens of these matters—but what has happened here reflects a lapse in diligence and proper investigation.

While we remain open to resolving this amicably, your continued inaction is leaving us with no meaningful alternative. To avoid further motion practice, my clients are willing to settle for $20,000 in total and full release of their accounts. If your client agrees, we will promptly withdraw our motions.

I hope we can resolve this and avoid escalating the matter further. Please advise as soon as possible.

Best regards,
Ben

--

**Benjamin C.R. Lockyer** | Principal



[Quoted text hidden]
[Quoted text hidden]

 **Ilya Zlatkin** <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ilya Zlatkin** <ilya@zce.law>                                                                                     Wed, Jun 11, 2025 at 4:09 PM
To: Ben Lockyer <ben@lockyerlaw.com>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ben,

I don't see my most recent email from May 21st quoted below your email, so here it is again, for our mutual records, so that it's amply clear that there was no "lack of response":

> Ben,
> You're evidently committed to pursuing this tact, and you've made clear that the only way to avoid your motion for sanctions is for our firm/our client to pay your client. Neither our firm nor our client are inclined to bow to your extortionate tactics. We also obviously reject the premise that your contemplated motion has any merit. It seems, however, that there's no reasonable way to prevent you from wasting the parties' and the Court's resources, so I suppose we'll deal with that in due course.
> Regards,
> Ilya

Our position remains the same, and your most recent email just further reinforces the extortionate tactics that you're engaging in.

[Quoted text hidden]

 Gmail

Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ben Lockyer** <ben@lockyerlaw.com>                                          Wed, Jun 11, 2025 at 4:19 PM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ilya,

Fair enough. We will proceed accordingly and let the Court evaluate the merits of each party's position.

--

**Benjamin C.R. Lockyer** | Principal

 Lockyer Law LLC

6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ilya Zlatkin <ilya@zce.law>
**Date:** Wednesday, June 11, 2025 at 4:09 PM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
**Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

Ben,

I don't see my most recent email from May 21st quoted below your email, so here it is again, for our mutual records, so that it's amply clear that there was no "lack of response":

> Ben,
> You're evidently committed to pursuing this tact, and you've made clear that the only way to avoid your motion for sanctions is for our firm/our client to pay your client. Neither our firm nor our client are inclined to bow to your extortionate tactics. We also obviously reject the premise that your contemplated motion has any merit. It seems, however, that there's no reasonable way to prevent you from wasting the parties' and the Court's resources, so I suppose we'll deal with that in due course.
> Regards,
> Ilya

Our position remains the same, and your most recent email just further reinforces the extortionate tactics that you're engaging in.

On Wed, Jun 11, 2025 at 3:30 PM Ben Lockyer <ben@lockyerlaw.com> wrote:

> Ilya,
>
> Given your lack of response, we intend to file a motion to set aside default and a motion for Rule 11 sanctions against both your client and your firm.
>
> In addition, we have now been retained by Michelle Padilla, another defendant in this matter, who contacted us earlier today. Ms. Padilla is a California resident who lawfully purchased the product in question from a thrift store. Like Mr. Dermarderosian, she is protected under the First Sale

Doctrine. We would be filing a motion to set aside the default in all case as well.

At this point, it is apparent that serious errors occurred in the preparation of this lawsuit. As someone who has previously filed Schedule A cases, I understand the burdens of these matters—but what has happened here reflects a lapse in diligence and proper investigation.

While we remain open to resolving this amicably, your continued inaction is leaving us with no meaningful alternative. To avoid further motion practice, my clients are willing to settle for $20,000 in total and full release of their accounts. If your client agrees, you will promptly withdraw our motions.

I hope we can resolve this and avoid escalating the matter further. Please advise as soon as possible.

Best regards,
Ben

--

**Benjamin C.R. Lockyer** | Principal



6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Date:** Tuesday, May 20, 2025 at 6:57 PM
**To:** Ilya Zlatkin <ilya@zce.law>
**Cc:** Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
**Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

Ilya,

Please see the attached proposed motion for sanctions and memorandum of law. Given that Mr. Dermaderosian has been forced to incur legal fees to challenge the improper restraint of his account, he is demanding $5,000 in compensation and the release of his eBay account to resolve this matter without further court intervention.

This offer is made pursuant to Rule 11's 21-day safe harbor provision and will remain open through **June 10, 2025**.

I would also note that Mr. Dermaderosian is not the only party in this matter who appears to be a U.S. citizen whose account was wrongfully restrained without evidence of counterfeiting or proper venue.

Please advise how you and your client wish to proceed.

Sincerely,
Ben

**Benjamin C.R. Lockyer** | PRINCIPAL



 **Gmail**

Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

---

**Ben Lockyer** <ben@lockyerlaw.com>
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Wed, Jun 11, 2025 at 7:23 PM

Ilya,

We are writing to follow up and confirm that we have filed our appearance on behalf of Michelle Padilla. We intend to move for reconsideration of the denial of her prior motion and will inform the Court that she acquired the item at issue from a thrift store and resold it on her eBay channel. Like Mr. Dermarderosian, she is a California citizen with no ties to any foreign countries or counterfeiting networks.

We again ask that you provide any evidence you have that the item sold by Ms. Padilla was counterfeit, as well as the basis for alleging that she was engaged in trademark infringement. To date, no such proof has been provided.

We would still prefer to resolve these matters amicably and without burdening the Court. However, the lack of good faith engagement to date is disappointing. At a minimum, we believe the release of our clients' accounts should be addressed immediately. Both have incurred unnecessary legal fees trying to correct what appear to be serious errors in Plaintiff's filings. Repayment of those costs would be an appropriate step toward resolution.

Please let us know if your client is open to constructive discussion.

Best,
Ben

--

**Benjamin C.R. Lockyer** | Principal



6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Date:** Wednesday, June 11, 2025 at 4:19 PM
**To:** Ilya Zlatkin <ilya@zce.law>
**Cc:** Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
**Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

Ilya,


Fair enough. We will proceed accordingly and let the Court evaluate the merits of each party's position.


--

**Benjamin C.R. Lockyer** | Principal



6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

 Gmail

Ilya Zlatkin <ilya@zce.law>

---

### Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ilya Zlatkin** <ilya@zce.law>                                                                                     Thu, Jun 12, 2025 at 12:47 PM
To: Ben Lockyer <ben@lockyerlaw.com>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ben,

Ms. Padilla is welcome to exercise her prerogative in filing a motion for reconsideration and to take your advice that doing so is a worthwhile use of resources. We will, of course, oppose it. Same as with Mr. Dermarderosian, the first sale doctrine does not serve as a defense when the goods being resold are themselves not genuine. I'll iterate that the Court was presented with evidence that it deemed sufficient to grant a temporary restraining order, a preliminary injunction, and default judgment as to each of the defendants.

I also reject your idea of what constitutes "good faith engagement," "amicable resolution," and "burdening the Court." Saying the buzzwords does not make your view of the matter true. You have already burdened the Court with your meritless motions, in which you and Mr. Dermarderosian have already gone on record with verifiable falsehoods. Given this, there is no practical option for our client or our firm other than to respond substantively, so as not to create any misimpression that what you stated had any merit.

I see that you've noticed the two motions on behalf of Mr. Dermarderosian for next Tuesday morning. Please note that I am out of town that day for an in-person conference in the Southern District of New York. My hope is that Judge Daniel will just set a briefing schedule and will strike the appearance. If that doesn't happen as a matter of course later today, are you open to my reaching out via email to Judge Daniel's courtroom deputy (copying you and Ms. Juneja, of course) to that effect? The presentment of the motions will presumably just result in the setting of a briefing schedule anyway.

Regards,
Ilya

On Wed, Jun 11, 2025 at 7:23 PM Ben Lockyer <ben@lockyerlaw.com> wrote:

    Ilya,

    We are writing to follow up and confirm that we have filed our appearance on behalf of Michelle Padilla. We intend to move for reconsideration of the denial of her prior motion and will inform the Court that she acquired the item at issue from a thrift store and resold it on her eBay channel. Like Mr. Dermarderosian, she is a California citizen with no ties to any foreign countries or counterfeiting networks.

    We again ask that you provide any evidence you have that the item sold by Ms. Padilla was counterfeit, as well as the basis for alleging that she was engaged in trademark infringement. To date, no such proof has been provided.

    We would still prefer to resolve these matters amicably and without burdening the Court. However, the lack of good faith engagement to date is disappointing. At a minimum, we believe the release of our clients' accounts should be addressed immediately. Both have incurred unnecessary legal fees trying to correct what appear to be serious errors in Plaintiff's filings. Repayment of those costs would be an appropriate step toward resolution.

    Please let us know if your client is open to constructive discussion.

    Best,
    Ben

    --

    **Benjamin C.R. Lockyer** | Principal

    

    # Lockyer
    ## Law LLC

    6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

    CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Date:** Wednesday, June 11, 2025 at 4:19 PM
**To:** Ilya Zlatkin <ilya@zce.law>
**Cc:** Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
**Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication



Ilya Zlatkin <ilya@zce.law>

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ben Lockyer** <ben@lockyerlaw.com>                                                    Thu, Jun 12, 2025 at 7:53 PM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Ilya,

Thank you for your message. We are open to proceeding cooperatively and are happy to join in an email to Judge Daniel's courtroom deputy to request a briefing schedule in lieu of presentment.

Alternatively, if preferred by the Court, we are also amenable to withdrawing and renoticing the motion for a future date after scheduling is confirmed. Please feel free to reach out to the deputy and copy us, and we will defer to the Court's preference on how it would like to proceed.

I'd also like to briefly note for the record that we stand by the factual accuracy of the materials submitted, including that the goods at issue were lawfully acquired and not counterfeit. We understand that the parties disagree on the legal implications, but we hope to keep the tone constructive as we move forward.

We also remain open to resolving this matter without further litigation and would welcome any reasonable counteroffers your client wishes to make.

Best regards,

Ben

--

**Benjamin C.R. Lockyer** | Principal
signature_3182973388
6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ilya Zlatkin <ilya@zce.law>
**Sent:** Thursday, June 12, 2025 12:47:49 PM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Ana Juneja <lawyer@analaw.com>; Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
**Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

Ben,

Ms. Padilla is welcome to exercise her prerogative in filing a motion for reconsideration and to take your advice that doing so is a worthwhile use of resources. We will, of course, oppose it. Same as with Mr. Dermarderosian, the first sale doctrine does not serve as a defense when the goods being resold are themselves not genuine. I'll iterate that the Court was presented with evidence that it deemed sufficient to grant a temporary restraining order, a preliminary injunction, and default judgment as to each of the defendants.

I also reject your idea of what constitutes "good faith engagement," "amicable resolution," and "burdening the Court." Saying the buzzwords does not make your view of the matter true. You have already burdened the Court with your meritless motions, in which you and Mr. Dermarderosian have already gone on record with verifiable falsehoods. Given this, there is no practical option for our client or our firm other than to respond substantively, so as not to create any misimpression that what you stated had any merit.

I see that you've noticed the two motions on behalf of Mr. Dermarderosian for next Tuesday morning. Please note that I am out of town that day for an in-person conference in the Southern District of New York. My hope is that Judge Daniel will just set a briefing schedule and will strike the appearance. If that doesn't happen as a matter of course later today, are you open to my reaching out via email to Judge Daniel's courtroom deputy (copying you and Ms. Juneja, of course) to that effect? The presentment of the motions will presumably just result in the setting of a briefing schedule anyway.



Ilya Zlatkin <ilya@zce.law>

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ben Lockyer** <ben@lockyerlaw.com>                                      Mon, Jun 16, 2025 at 12:58 PM
To: Ilya Zlatkin <ilya@zce.law>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Hello Ilya,

I hope you had a good weekend. Given that we have not heard back from the Court, I will plan to appear tomorrow.

As a courtesy we are willing to stipulate to a briefing schedule. Could you please tell me how long you need for a response? I can inform the court of our agreement.

Ben

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Date:** Thursday, June 12, 2025 at 7:53 PM
**To:** Ilya Zlatkin <ilya@zce.law>
**Cc:** Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
**Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

Ilya,

Thank you for your message. We are open to proceeding cooperatively and are happy to join in an email to Judge Daniel's courtroom deputy to request a briefing schedule in lieu of presentment.

Alternatively, if preferred by the Court, we are also amenable to withdrawing and renoticing the motion for a future date after scheduling is confirmed. Please feel free to reach out to the deputy and copy us, and we will defer to the Court's preference on how it would like to proceed.

I'd also like to briefly note for the record that we stand by the factual accuracy of the materials submitted, including that the goods at issue were lawfully acquired and not counterfeit. We understand that the parties disagree on the legal implications, but we hope to keep the tone constructive as we move forward.

We also remain open to resolving this matter without further litigation and would welcome any reasonable counteroffers your client wishes to make.

Best regards,

Ben

--

**Benjamin C.R. Lockyer** | Principal
signature_3182973388
6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Ilya Zlatkin <ilya@zce.law>
**Sent:** Thursday, June 12, 2025 12:47:49 PM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Ana Juneja <lawyer@analaw.com>; Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
**Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

 **Gmail**

Ilya Zlatkin <ilya@zce.law>

---

## Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication

**Ilya Zlatkin** <ilya@zce.law>                                                                      Mon, Jun 16, 2025 at 1:03 PM
To: Ben Lockyer <ben@lockyerlaw.com>
Cc: Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>

Hi Ben,

Thank you. I would appreciate three weeks from last Wednesday (i.e., by July 2, 2025) to file responses for both of your motions that you filed last Wednesday. You're welcome to whatever reasonable amount of time to file reply briefs.

Best,
Ilya

On Mon, Jun 16, 2025 at 12:58 PM Ben Lockyer <ben@lockyerlaw.com> wrote:

> Hello Ilya,
>
> I hope you had a good weekend. Given that we have not heard back from the Court, I will plan to appear tomorrow.
>
> As a courtesy we are willing to stipulate to a briefing schedule. Could you please tell me how long you need for a response? I can inform the court of our agreement.
>
> Ben
>
> ---
>
> **From:** Ben Lockyer <ben@lockyerlaw.com>
> **Date:** Thursday, June 12, 2025 at 7:53 PM
> **To:** Ilya Zlatkin <ilya@zce.law>
> **Cc:** Ana Juneja <lawyer@analaw.com>, Zlatkin Wong Enforcement Team <enforcement@zlatkinwong.com>
> **Subject:** Re: Ouyeinc Ltd. v. P'Ships (22-cv-05187): Rule 408 Settlement Communication
>
> Ilya,
>
> Thank you for your message. We are open to proceeding cooperatively and are happy to join in an email to Judge Daniel's courtroom deputy to request a briefing schedule in lieu of presentment.
>
> Alternatively, if preferred by the Court, we are also amenable to withdrawing and renoticing the motion for a future date after scheduling is confirmed. Please feel free to reach out to the deputy and copy us, and we will defer to the Court's preference on how it would like to proceed.
>
> I'd also like to briefly note for the record that we stand by the factual accuracy of the materials submitted, including that the goods at issue were lawfully acquired and not counterfeit. We understand that the parties disagree on the legal implications, but we hope to keep the tone constructive as we move forward.
>
> We also remain open to resolving this matter without further litigation and would welcome any reasonable counteroffers your client wishes to make.
>
> Best regards,
>
> Ben
>
> --
> **Benjamin C.R. Lockyer** | Principal
> signature_3182973388
> 6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com
>
> CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this