IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OUYEINC LTD., | ) |
| Plaintiff, | ) Case No. 22-cv-05187 |
| v. | ) Hon. J. Jeremy C. Daniel |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," | ) |
| Defendants. | ) |

## MOTION FOR RECONSIDER ORDER
## DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT[1]

Defendant Michelle Padilla No. 107 Itsyours4keeps ("Ms. Padilla"), by and through her counsel, respectfully moves under Federal Rules of Civil Procedure 55(c) and 60(b) for reconsideration of the Court's [Dkt. 98] order denying her motion to set aside the default judgment entered against her, and in support of her motion respectfully states as follows:

## INTRODUCTION

Ms. Padilla respectfully requests that this Court reconsider its denial of her *pro se* motion to set aside default on the basis of new facts and evidence, and that her failure to appear was unintentional. Ms. Padilla seeks reconsideration of the denial of her motion to set aside default because she was representing herself *pro se* and because she has a meritorious defense under the

---

[1] This motion is filed approximately three hours after the July 3, 2025 deadline. Although the brief was prepared for timely submission, counsel's attention on July 3 was diverted by urgent client matters arising from the widely reported River North mass-shooting—an incident that left 18 people injured and four dead and in which several of counsel's clients were present. Counsel spent the day confirming clients' safety and addressing related inquiries; the missed deadline was discovered at about 2:00 a.m. on July 4, and the motion was filed immediately thereafter. Because the delay is minimal, was promptly cured, and causes no prejudice to any party, counsel respectfully requests that the Court deem this filing timely under Fed. R. App. P. 4(a)(5)(A)(ii) and the "excusable-neglect" standard set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).

First Sale Doctrine. Due to the Plaintiff's failure to serve her, Ms. Padilla has neither received meaningful notice nor had an opportunity to be heard before a default judgment froze her decade-old eBay livelihood.

Ms. Padilla is a lifelong California resident who sells thrift-store finds on eBay under the handle "itsyours4keeps." She never belonged to an international counterfeiting ring; she lawfully bought the single wax-warmer at issue from a Castro Valley thrift store and resold it under the First Sale Doctrine. Yet her PayPal and eBay proceeds were restrained in March 2025—fifteen months after default was entered—before she learned of this action. Upon learning of this matter, she moved promptly to set aside the default, but the motion was denied after she missed the hearing mistakenly.

## STANDARD OF REVIEW

A federal district court has inherent power to revise any interlocutory order "at any time before the entry of judgment adjudicating all the claims," Fed. R. Civ. P. 54(b), when doing so serves "the interests of justice." *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). Such authority is exercised sparingly: reconsideration is appropriate only where the court (1) has "patently misunderstood" a party or the facts, (2) has made a decision outside the adversarial issues presented, (3) is confronted with an intervening change in controlling law or the evidentiary record, or (4) must avert manifest injustice. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191–92 (7th Cir. 1990).

Where the challenged order is a default judgment, Rule 60(b) provides the equitable standard for relief. The court may set aside a default for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), when the movant shows: (1) good cause or excusable neglect for the default, (2) a potentially meritorious defense, and (3) absence of unfair prejudice to

the plaintiff. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009). These factors are applied liberally where default arises from confusion rather than contumacy, in keeping with the Seventh Circuit's "strong preference" for adjudication on the merits. *Sun v. Xie*, No. 19-cv-6381, 2020 WL 13890774, at *1–2 (N.D. Ill. Dec. 22 2020); *Barton v. Uniserv Corp.*, 2016 WL 4577033, at *4 (N.D. Ill. Aug. 30 2016).

# ARGUMENT

I. **This Court should grant Plaintiff's motion to reconsider because she presents new evidence of a meritorious defense and lack of service, and to prevent manifest injustice.**

This Court should grant Ms. Padilla's motion to reconsider and set aside default judgment entered against her because she has a meritorious First Sale Doctrine defense, was not given meaningful notice of this lawsuit.[2] Reconsideration is warranted under Rule 54(b)—which permits revision of interlocutory orders "as justice requires" and when the Court is confronted with an intervening change in the evidentiary record.

Here, reconsideration is warranted due to additional facts and evidence, and to prevent injustice. Ms. Padilla originally filed her motion to set aside default judgment as a *pro se* litigant. She was unfamiliar with the litigation processed and was unequipped to file a reply brief to the Plaintiff's opposition brief and did not realize she had to attend the Court's June 3, 2025 status. Since the Court's Order denying her motion, Ms. Padilla has retained counsel and presented evidence that she has a meritorious defense under the First Sale Doctrine and that she was not given notice of this lawsuit. These additional facts and defenses, and the fact that there is an

---

[2] In addition, Ms. Padilla notes and requests that this Court give consideration to her previous status as a *pro se* litigant when it made its ruling on her initial motion to set aside default judgment. Ms. Padilla was unfamiliar with and misunderstood the requirements of the Court's April 22, 2025 Order [96] setting a status/hearing for June 3, 2025 [98]. Ms. Padilla apologizes for missing the hearing and the inconvenience to the Court.

incomplete record due to Ms. Padilla not filing a reply due to her pro se status, warrants reconsideration.

Further, this Court should grant Ms. Padilla's motion to reconsider to prevent manifest injustice. This case presents a unique situation involving troubling concerns about service of process and improper joinder of Defendants without meaningful investigation or verification of the facts relied upon in filings. This matter is one of many of "Schedule A" litigation cases that have been filed in this District that have been the subject of recent scrutiny. These cases all follow the same routine and generalized allegations that do not carry any specific facts or claims to establish broad requests for joinder of defendants and online seller accounts. In one instance another court in this district in staying all motions in Schedule A cases to reassess its methods in addressing these matters. *See e.g., R Corp. v. P'ships & Unincorporated Ass'ns Identified in Schedule A*, Case No. 1:25-cv-06337 (N.D. Ill. June 9, 2025) at Dkt. No. 6 (Hon. J. Kness). These cases have prompted multiple concerns about constitutional due process rights and the adequacy of notice and service. *Celine S.A. v. P'ships & Unincorp. Ass'ns Identif'd on Sched. A*, No. 24 C 6208, 2025 WL 712484, at *3–5 (N.D. Ill. Mar. 5, 2025) (finding that failure to properly serve the defendant amounted to an extraordinary circumstance).

In this instance, Ms. Padilla is claiming that she was not provided notice of this lawsuit, that she is not a foreign counterfeiter, and that she sold a genuine item under the protections of the First Sale Doctrine. Decl. of Michelle Padilla at ¶¶ 3-6 ("Exhibit A"). Further, Plaintiff presents no specific evidence that Ms. Padilla sold a counterfeit item beyond a generalized claims of a "visual inspection" of Ms. Padilla's seller page. Due to these concerns, and the insufficient evidence relied upon, this Court should grant Ms. Padilla's motion to reconsider to prevent manifest injustice.

**II.   This Court should set aside the default judgment because Ms. Padilla has a meritorious defense under the First Sale Doctrine and for lack of service, and because she acted as quickly as she could to undo the judgment**

The court may set aside a default for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), when the movant shows: (1) good cause or excusable neglect for the default, (2) a potentially meritorious defense, and (3) absence of unfair prejudice to the plaintiff. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). These factors are applied liberally where default arises from confusion rather than contumacy, in keeping with the Seventh Circuit's "strong preference" for adjudication on the merits. *Sun*, 2020 WL 13890774, at *1–2.

Based on the above, the court should set aside Ms. Padilla's default because she meets each element for relief under Rule 60(b)(1). First, her non-appearance resulted from excusable neglect: a *pro se* seller who got no meaningful notice until EBay froze her account nearly a year after default, she was unfamiliar with the litigation process and did not appear at the June 3, 2025 status. Ex. A at ¶¶ 3-7. Second, she advances a potentially meritorious defense—the first-sale doctrine—because she lawfully resold a thrift-store wax warmer that Plaintiff has never proved counterfeit. Ex. A at ¶ 3-5. Third, *vacatur* will not prejudice Plaintiff; the restraint on Ms. Padilla's PayPal funds remains in place, so Plaintiff's claimed security is fully preserved, the litigation has advanced no further than default-judgment paperwork, and a complete merits record will only clarify—not compromise—Plaintiff's position.

**A. Ms. Padilla's non-appearance was excusable neglect—indeed, inevitable under the circumstances.**

Ms. Padilla's missed appearance on 3 June 2025 stemmed from a reasonable misunderstanding—not defiance—and thus qualifies as "excusable neglect" under Rule 60(b)(1). *See Barton*, 2016 WL 4577033 at *4; *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir.

2009) (defendant acted diligently once alerted to default). Docket entry 96 labeled the June 3, 2025 setting a "status" hearing and, consistent with this Court's usual practice in Schedule A cases, provided no explicit warning that oral argument was mandatory. Acting pro se Padilla wrongfully believed the Court would issue a written schedule rather than require her presence. Ex. A at ¶ 8.

Crucially, Padilla had no practical notice that urgent action was required until EBay froze her long-standing eBay proceeds in March 2025—an extraordinary delay, as asset restraints in Schedule A matters ordinarily issue at the TRO or PI stage. Ex. A at ¶ 6. This late-breaking freeze alerted her, for the first time, that a default judgment existed. Within weeks she retained counsel, who promptly appeared on 11 June 2025 and moved to set the default aside.

In short, Padilla's non-appearance was the predictable product of docket ambiguity and an unusually late asset restraint, not willful disregard. Once informed, she acted quickly and in good faith—precisely the circumstances in which the Seventh Circuit favors vacating default so that claims can be resolved on their merits.

### B. Ms. Padilla advances a facially meritorious first-sale defense.

Rule 60(b) requires only that a movant present a plausible defense whose success cannot be ruled out on the present record. Courts in this District set aside default judgments where defendants raise a non-frivolous first-sale defense and the plaintiff's proof of counterfeiting is thin. *See Celine S.A. v. P'ships & Unincorp. Ass'ns Identif. on Sched. A*, No. 24-cv-6208, 2025 WL 712484, at *4–5 (N.D. Ill. Mar. 5, 2025) (vacating Schedule A default; plaintiff never authenticated product and defendants plausibly invoked first sale). Likewise, Seventh Circuit precedent counsels *vacatur* whenever the defendant shows a potentially valid defense and the plaintiff's jurisdiction or merits showing is wanting. *Cracco, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Plaintiff's own

admission that it performed only "visual inspection" falls far short of proving counterfeiting and leaves first sale unrebutted. Ms. Padilla easily clears this bar.

Ms. Padilla lawfully bought the accused wax warmer at a local California thrift store and resold it once on eBay. That is textbook first-sale activity: once the trademark owner authorizes the first sale of a genuine good, it "exhausts" its § 1114 rights in that particular item. *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 524 (2013); *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 459 F. Supp. 3d 1058, 1080 (N.D. Ill. 2020) (first sale bars infringement where reseller offers "genuine, unaltered" goods). From Plaintiff's claims that it only conducted a visual inspection, Plaintiff has never purchased Ms. Padilla's unit, inspected it, or produced a laboratory report showing any material difference. These are fatal omissions because a plaintiff must establish that the accused product is *both* non-genuine *and* materially different. *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1073 (10th Cir. 2009).

### C. Vacating default will not prejudice Plaintiff.

Prejudice under Rule 60(b) is minimal because there is no loss of evidence, increased difficulties of discovery, or greater opportunity for fraud because Defendants' accounts are already restrained and funds are frozen.

First, the litigation remains at the pleading stage. Plaintiff has taken no discovery, served no expert reports, and identified no witness whose memory might fade. By the time default was entered, Plaintiff relied exclusively on generic declarations attesting to "visual inspection" of webpages—hardly the sort of evidence risked by a modest procedural reset.

Second, the PayPal restraint imposed in March 2025 remains in force, securing every dollar of Ms. Padilla's eBay proceeds. That restraint—a principal enforcement tool in Schedule A cases—means Plaintiff "cannot lose what it already controls," eliminating any risk of asset

dissipation during litigation. *See Sun*, 2020 WL 13890774, at *1–2 (no prejudice where funds remain frozen).

Third, Plaintiff already holds the money in Ms. Padilla's account. The asset restraint on Ms. Padilla's longtime eBay account remains in place, freezing every penny of sales revenue she has earned for months. Plaintiff therefore faces neither dissipation risk nor collection obstacles; its putative damages are fully secured during the pendency of this motion. Any delay in adjudication is thus "inconsequential," because the funds "cannot be disbursed without court order." *Sun*, 2020 WL 13890774, at *1–2 (vacating Schedule A default where restraint protected plaintiff's interests).

Finally, for Plaintiff, vacatur means only that it must prove its case. For Ms. Padilla, the default blocks her from accessing the PayPal proceeds that support her ten-year, 100-percent-positive eBay business. The Seventh Circuit has long favored resolving disputes "on the merits rather than by default judgment" where a movant shows diligence and a plausible defense. *Jones*, 39 F.3d at 162. That principle applies with special force when continued default would devastate a small seller's livelihood while offering Plaintiff no commensurate benefit.

In short, lifting the default restores the parties to an even footing without impairing Plaintiff's proofs or prospects, while maintaining it would perpetuate a one-sided windfall based on an untested—and likely unsustainable—claim of counterfeiting. That is the very scenario Rule 60(b) exists to avoid.

## **CONCLUSION**

Rule 54(b) gives this Court unfettered power to revise an interlocutory order when equity demands; Rule 60(b)(1) counsels that default serves as a gateway to adjudication on the merits, not a trap for the unwary. Ms. Padilla satisfies every prerequisite for relief. Her non-appearance resulted from an honest—and reasonable—misreading of a single-line status entry, not from

defiance; within days of learning that her PayPal proceeds had been frozen she retained counsel and moved to clear the record. She tenders a facially meritorious first-sale defense that, if credited, disposes of the entire action against her. And vacatur would not prejudice Plaintiff in the least: the restraint it already enjoys protects its monetary interests, while the case remains at the pleadings stage with no evidentiary loss.

**WHEREFORE**, Ms. Padilla respectfully requests that the Court (1) grant this motion to reconsider its June 3, 2025 order, (2) set aside the default judgment entered against her, and (3) restore this case to the normal litigation track with a prompt schedule for merits discovery and motion practice. Doing so will vindicate the Federal Rules' preference for decisions on a fully developed record and prevent the manifest injustice of final judgment against a defendant who never had meaningful notice or an opportunity to be heard.

Respectfully submitted,

/s/ Benjamin C.R. Lockyer
Benjamin C.R. Lockyer
LOCKYER LAW LLC
6515 W. Archer Ave.
Chicago, IL 60638
(773) 340-0011
ben@lockyerlaw.com

***Counsel for Defendant***
***Michelle Padilla***